UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, STATE OF WASHINGTON THROUGH THE WASHINGTON DEPARTMENT OF ECOLOGY, SUQUAMISH TRIBE, AND TULALIP TRIBES,<br><br>Plaintiffs,<br><br>v.<br><br>PORT OF EVERETT,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:<br><br>2:19-cv-843 |

## **CONSENT DECREE**

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1                           **I.**      **BACKGROUND**

2        A.      The Plaintiffs have filed a complaint in this matter against the Port of Everett

3 ("Settling Defendant" or "Port") pursuant to the Model Toxics Control Act ("MTCA"), chapter

4 70.105D RCW; chapter 90.48 RCW; Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. §

5 1321; and Section 1002(b)(2)(A) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §

6 2702(b)(2)(A) for Natural Resource Damages as a result of releases of hazardous substances and

7 discharges of oil into the Port Gardner Bay Area. Potential claims of the non-federal Trustees

8 against the United States on behalf of the Settling Federal Agency are deemed filed and some or

9 all of the allegations in such claims are deemed denied. The Port Gardner Bay Area (as defined

10 below and depicted in Appendix A) includes the lower Snohomish River, Everett Waterfront,

11 East Waterway, and a portion of Possession Sound in and near Everett, Washington. Several

12 industrial facilities – including those owned and/or operated by the Settling Defendant and

13 owned and/or operated by the Settling Federal Agency, identified in Appendix B – have

14 contributed hazardous substances and oil to the Port Gardner Bay Area. This Consent Decree

15 (the "Decree") addresses the claims asserted in the Complaint against the Port and potential

16 claims against the Settling Federal Agency.

17        B.      The United States Department of Commerce, acting through the National Oceanic

18 and Atmospheric Administration ("NOAA"); the United States Department of the Interior; the

19 Washington Department of Ecology on behalf of the State of Washington ("State"); the

20 Suquamish Tribe; and the Tulalip Tribes, (collectively, "the Trustees" and, individually, a

21 "Trustee"), under the authority of Section 107(f) of the Comprehensive Environmental

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

Page 2 of 75

1    Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(f); Section 1006(b)

2    of OPA, 33 U.S.C. § 2706(b); 40 C.F.R. Part 300, subpart G; and RCW 70.105D.040(2), serve as

3    trustees for Natural Resources for the assessment and recovery of damages for injury to,

4    destruction of, or loss of Natural Resources under their trusteeship.

5        C.      Investigations conducted by the Trustees and others have detected hazardous

6    substances in the sediments, soils and groundwater of the Port Gardner Bay Area, including, but

7    not limited to, polychlorinated dibenzodioxins and furans ("dioxins"), polychlorinated biphenyls

8    ("PCBs"), organochlorine pesticides and related products, polycyclic aromatic hydrocarbons

9    ("PAHs"), metals (including lead, mercury, copper, chromium, and arsenic), volatile and semi-

10   volatile organic compounds (including 4-methylphenol), perchlorate, herbicides, organic

11   solvents, antifouling agents such as tributyltin and other butyltins, and wood waste degradation

12   products (including sulfide and ammonia).

13       D.      Plaintiffs allege that hazardous substances and oil released to the Port Gardner

14   Bay Area from facilities owned and/or operated by Settling Defendant and facilities owned

15   and/or operated by the Settling Federal Agency, identified in Appendix B, have caused injury to,

16   destruction of and loss of Natural Resources under Plaintiffs' trusteeship, including fish,

17   shellfish, wildlife, marine sediments, and resources of cultural significance. Plaintiffs further

18   allege that each of them and the public have suffered the loss of natural resource services

19   (including ecological services as well as direct and passive human use losses) as a consequence

20   of those injuries.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1      E.      Although the Trustees initiated but have not completed a full natural resource

2    damage assessment for the Port Gardner Bay Area, the Trustees have developed and analyzed

3    information sufficient to support a settlement that is fair, reasonable and in the public interest.

4      F.      The Trustees issued a Damage Assessment Restoration Plan and Environmental

5    Assessment for the Port Gardner Bay Area in August 2016, which the Trustees adopted as final

6    in October 2016 after a public comment period, selecting the Blue Heron Slough Restoration

7    Project ("Restoration Project" or "Project") as the preferred alternative to restore, replace, and/or

8    acquire the equivalent of injured Natural Resources and services.

9      G.      As contemplated by this Consent Decree, the Port will resolve its liability as set

10   forth in Section XIII by constructing, monitoring and maintaining the Blue Heron Slough

11   Restoration Project as described in Appendix C. The Project will restore and protect in perpetuity

12   approximately 338 acres of habitat in the Snohomish River estuary that is highly beneficial to

13   injured Natural Resources in the Port Gardner Bay Area. As set forth in this Decree and

14   Appendix C, the Port shall purchase 469.39 natural resource damage restoration credits ("NRD

15   DSAYs") equivalent to 34.79 acres of the Project Site upon Final Completion of the Project.

16   The Project will also be a certified conservation bank, maintained in perpetuity by Wildlands of

17   Washington, LLC, as outlined in the *Puget Sound Salmon, Steelhead, and Bull Trout Umbrella*

18   *Conservation Bank Agreement* and *Addendum #1, Blue Heron Slough Conservation Bank*

19   *Agreement* ("Conservation Bank Agreement" or "CBA"), approved by NOAA's National Marine

20   Fisheries Service on June 18, 2008.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1       H.      To facilitate the resolution of natural resource damage claims, relying upon the

2    results of remedial investigations, regulatory standards, and scientific literature, and as set forth

3    in the final Damage Assessment Restoration Plan and Environmental Assessment, the Trustees

4    developed an estimate of the amount of injury to Natural Resources that had occurred as a result

5    of releases of hazardous substances and discharges of oil to the Port Gardner Bay Area. The

6    Trustees used a metric called discounted service acre-years ("DSAYs") to quantify the effects of

7    the injuries in terms of the losses of ecological services over affected areas and over time,

8    discounted to the current year. The Trustees used DSAYs to describe both the scale of the

9    injuries, and the amount of habitat restoration they are seeking to compensate for the injuries.

10    The Trustees first calculated the DSAYs lost due to contamination to the Port Gardner Bay Area,

11    then calculated the DSAYs associated with the Port's Restoration Project, determining that

12    purchase of NRD DSAYs by the Port, described in the preceding paragraph, is sufficient to

13    resolve the liability of the Port.

14       I.       Consistent with Sections 7.4 and 8.1.3 of the Trustees' Damage Assessment

15    Restoration Plan and Environmental Assessment, Port Gardner Bay Trustee Council Resolution

16    No. 2019-01, and the March 7, 2019, Memorandum of Agreement ("MOA") between the U.S.

17    Fish and Wildlife Service, acting on behalf of DOI, the Tulalip Tribes, and Settling Defendant,

18    after approval and entry of this Decree by the Court, the Trustees anticipate using the natural

19    resource damages payments received by the Trustees pursuant to the Consent Decree entered in

20    *United States, et al. v. Jeld-Wen, Inc., et al.*, Civil Action No. 2:18-cv-00113 (W.D. Wash.)

21    ("Cashout Consent Decree") to purchase restoration credits in the Blue Heron Slough

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1   Restoration Project equivalent to the 399.74 NRD DSAYs (equivalent to 29.63 acres of the

2   Project Site) allocated to the Potentially Responsible Parties ("PRPs") that entered into the

3   Cashout Consent Decree.  The purchase of these restoration credits will be in addition to Settling

4   Defendant's obligation to purchase 469.39 NRD DSAYs, as described in Paragraphs G and 29.

5        J.        Plaintiffs assert that hazardous substance releases and oil discharges to the Port

6   Gardner Bay Area have become dispersed and commingled to the extent that the effects of

7   releases of one PRP cannot be readily distinguished from another's. Plaintiffs further assert that

8   the circumstances of the contamination make all PRPs who contributed to the contamination

9   jointly and severally liable for all injuries to Natural Resources that have resulted from the

10   contamination.  As a consequence, Plaintiffs assert the right to recover for the loss of all the

11   calculated DSAYs and associated damage assessment costs from any PRP.  Without prejudice to

12   their position and solely for purposes of facilitating settlement with individual PRPs, the

13   Plaintiffs have determined that settling with the Settling Defendant and the Settling Federal

14   Agency for a portion of the Natural Resource damages attributable to all Port Gardner Bay Area

15   sources would result in a fair and equitable resolution of Plaintiffs' claims. The Trustees have

16   estimated the cash damages equivalent of the DSAYs allocated to Settling Defendant (469.39 of

17   the 1,019 total DSAYs assessed by the Trustees for the Port Gardner Bay Area) to total

18   $4,634,287.47. In lieu of payment of damages, the Port will implement the Restoration Project as

19   set forth in this Decree. The State and the Tribes have agreed to settle their claims against the

20   Settling Federal Agency for the equivalent of 80 DSAYs (having a cash damages equivalent of

21   $789,840).

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    K.    The Parties agree, and this Court by entering this Consent Decree finds, that this

2    Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid

3    prolonged and complicated litigation between the Parties, that this Decree will expedite the

4    restoration and protection of Natural Resources at and near the Port Gardner Bay Area, that the

5    timely implementation of the Restoration Project and payments to be provided under this Decree

6    constitute appropriate actions necessary to protect and restore the Natural Resources allegedly

7    injured by releases or threatened releases of hazardous substances and discharges of oil by the

8    Settling Defendant and the Settling Federal Agency, and that this Decree is fair, reasonable, and

9    in the public interest.

10   NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

11                          **II.    JURISDICTION AND VENUE**

12    1.    This Court has jurisdiction over the subject matter of this action pursuant to 28

13   U.S.C. §§ 1331, 1345 and 1367, and 42 U.S.C. §§ 9607 and 9613(b) and 33 U.S.C. § 2717(b).

14   The Court also has personal jurisdiction over the Settling Defendant.  Solely for purposes of this

15   Consent Decree and the underlying Complaint, the Settling Defendant waives all objections and

16   defenses that it may have to jurisdiction of the Court or to venue in this District.  Settling

17   Defendant shall not challenge the terms of this Decree or this Court's jurisdiction to enter and

18   enforce this Decree.

19                          **III.    PARTIES BOUND**

20    2.    This Consent Decree is binding upon the United States, the State, the Suquamish

21   Tribe, the Tulalip Tribes, and the Settling Defendant, its successors, and assigns.  Any change in

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    ownership or corporate or other legal status of Settling Defendant, including, but not limited to,

2    any transfer of assets or real or personal property, shall in no way alter Settling Defendant's

3    responsibilities under this Consent Decree.

4        3.     Settling Defendant shall provide a copy of this Consent Decree to each contractor

5    hired to perform any of the work required by this Consent Decree, and to each person

6    representing Settling Defendant with respect to such work, and shall condition all contracts

7    entered into hereunder upon performance of the work in conformity with the terms of this

8    Consent Decree.  Settling Defendant or its contractors shall provide written notice of the Consent

9    Decree to all subcontractors hired to perform any portion of the work.  Settling Defendant shall

10    nonetheless be responsible for ensuring that its contractors and subcontractors perform the work

11    in accordance with the terms of this Consent Decree.

12              **IV.   DEFINITIONS**

13    4.     Unless otherwise expressly provided in this Consent Decree, terms used in this

14    Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA

15    shall have the meaning assigned to them in CERCLA or such regulations.  Whenever terms listed

16    below are used in this Decree or its appendices, the following definitions shall apply solely for

17    purposes of this Decree:

18        a.     "CERCLA" shall mean the Comprehensive Environmental Response,

19    Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

20        b.     "Commerce" shall mean the United States Department of Commerce and

21    its successor departments, agencies, or instrumentalities.

CONSENT DECREE                         UNITED STATES DEPARTMENT OF JUSTICE

1          c.      "Consent Decree" or "Decree" shall mean this consent decree and all

2    appendices attached hereto (listed in Section XXI) and any final approved plans required

3    hereunder.  In the event of a conflict between this Consent Decree and any Appendix or plan, the

4    Consent Decree shall control.

5          d.      "Conservation Bank Agreement" or "CBA" shall mean the *Puget Sound*

6    *Salmon, Steelhead, and Bull Trout Umbrella Conservation Bank Agreement* and *Addendum #1,*

7    *Blue Heron Slough Conservation Bank Agreement*, approved by NOAA's National Marine

8    Fisheries Service on June 18, 2008.

9          e.      "Day" or "day" shall mean a calendar day.  In computing any period of

10   time under this Consent Decree, where the last day falls on a Saturday, Sunday, or federal

11   holiday, the period shall run until the close of business of the next working day.

12         f.      "Default" shall mean circumstances constituting default as defined in the

13   Performance Bond attached as Appendix F.

14         g.      "DOI" shall mean the United States Department of the Interior and its

15   successor departments, agencies, or instrumentalities.

16         h.      "DSAYs" means discounted service acre-years, the metric established by

17   the Trustees to quantify the scale of Natural Resource Damages liability associated with the Port

18   Gardner Bay Area and the natural resource restoration efforts needed to compensate for injury to,

19   destruction or loss of Natural Resources giving rise to liability.

20         i.      "Effective Date" shall mean the date upon which the approval of this

21   Consent Decree is recorded on the Court's docket.

CONSENT DECREE                          UNITED STATES DEPARTMENT OF JUSTICE
                                        Environment and Natural Resources Division
                                        P.O. Box 7611, Washington, D.C. 20044-7611
                                        202-514-5270

1          j.      "Federal Trustees" shall mean DOI and Commerce, acting through

2   NOAA.

3          k.      "Final Completion" shall mean the completion of construction of the

4   Project, as defined in Section 10 of Appendix C.

5          l.      "Initial Maintenance and Monitoring" shall mean the maintenance and

6   monitoring activities during the first ten (10) years after Final Completion, described in Section 7

7   of Appendix C.

8          m.     "Lodging Date" means the date on which this Consent Decree is lodged

9   with the Court.

10         n.      "Long-Term Maintenance and Monitoring" shall mean the maintenance

11  and monitoring activities during the twenty (20) years after completion of Initial Maintenance

12  and Monitoring, described in Section 8 of Appendix C.

13         o.      "Maintenance and Monitoring" shall mean the maintenance and

14  monitoring activities during the first thirty (30) years after Final Completion, and includes both

15  Initial Maintenance and Monitoring and Long-Term Maintenance and Monitoring.

16         p.      "MTCA" shall mean the Washington Model Toxics Control Act, Chapter

17  70.105D RCW.

18         q.      "Natural Resource Damages" shall mean any damages, including the

19  costs of damage assessment, recoverable by the Trustees under Section 107 of CERCLA, 42

20  U.S.C. § 9607; Chapter 70.105D RCW; Section 311 of the Clean Water Act ("CWA"), 33

21  U.S.C. § 1321; Chapter 90.48 RCW; and Section 1002(b)(2) of the Oil Pollution Act of 1990

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    ("OPA"), 33 U.S.C. § 2702(b)(2), for injury to, destruction of, loss of, loss of use of, or

2    impairment of Natural Resources, including, but not limited to: (i) the costs of assessing such

3    injury, destruction, or loss or impairment of natural resources; (ii) the costs of restoration,

4    rehabilitation, or replacement of injured or lost natural resources or of acquisition of equivalent

5    resources; (iii) the costs of planning such restoration activities; (iv) compensation for injury,

6    destruction, loss, impairment, diminution in value, or loss of use of natural resources; and (v)

7    each of the categories of recoverable damages described in 43 C.F.R. § 11.15, and applicable

8    State or tribal law, resulting from releases of hazardous substances or discharges of oil to the

9    Port Gardner Bay Area, where such release or discharge occurred on or before the Effective Date

10    of this Consent Decree, at the locations identified in Appendix B. Damages, injury to,

11    destruction of, loss of, loss of use of, or impairment of Natural Resources resulting from releases

12    of hazardous substances or discharges of oil originating from Settling Defendant's operations or

13    activities at properties other than the property identified in Appendix B are not included in

14    Natural Resource Damages, for purposes of this Decree, even if those hazardous substances or

15    discharges of oil reach the Port Gardner Bay Area by flowing over, under, or through any portion

16    of the property identified in this subparagraph.

17           r.    "Natural Resources" shall mean that definition as provided in 42 U.S.C.

18    § 9601(16).

19           s.    "Parties" shall mean the United States, the State of Washington, the

20    Suquamish Tribe, the Tulalip Tribes, and the Settling Defendant.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1        t.    "Performance Standards" are the standards for performance of the work

2 for the Project set forth in Appendix C.

3        u.    "Plaintiffs" shall mean the United States, the State of Washington, the

4 Suquamish Tribe, and the Tulalip Tribes.

5        v.    "Port" or "Port of Everett" shall mean the Settling Defendant.

6        w.    "Port Gardner Bay Area" shall mean the area depicted on Appendix A,

7 attached, including the lower Snohomish River, Everett Waterfront, East Waterway, and a

8 portion of Possession Sound in and near Everett, Washington.

9        x.    "Project" or "Restoration Project" shall mean the Blue Heron Slough

10 Restoration Project, including all work and other commitments identified in Appendix C.

11        y.    "Project Abandonment" shall mean a circumstance in which Settling

12 Defendant, directly or through its contractors, (a) has abandoned construction or has abandoned

13 Maintenance and Monitoring of the Project, without Trustee permission or approval, or (b) is

14 seriously and repeatedly deficient in construction or in Maintenance and Monitoring of the

15 Project in accordance with Appendix C.

16        z.    "Project Site" shall mean the areas outlined for the Restoration Project as

17 identified in Appendix C.

18        aa.    "Settling Defendant" shall mean the Port of Everett.

19        bb.    "Settling Federal Agency" shall mean the United States Navy and its

20 successor departments, agencies, or instrumentalities.

21        cc.    "State" shall mean the State of Washington.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1             dd.     "Stewardship" shall mean actions intended to preserve, protect or maintain

2 the Project and the Project Site in perpetuity after the completion of Long-Term Maintenance

3 and Monitoring, as required by the Conservation Bank Agreement, including (a) maintaining,

4 restoring or replacing the ecological function of the Projects; and (b) maintaining, restoring or

5 replacing physical components of the Project.

6             ee.     "Tribes" shall mean the Suquamish Tribe and the Tulalip Tribes.

7             ff.     "Trustees" shall mean Commerce, acting through NOAA; DOI; the

8 Washington State Department of Ecology, on behalf of the State of Washington; the Suquamish

9 Tribe; and the Tulalip Tribes.

10            gg.     "United States" shall mean the United States of America and each

11 department, agency, and instrumentality of the United States, including Commerce, acting

12 through NOAA; DOI; and the Settling Federal Agency.

13            hh.     "Wildlands" shall mean Wildlands of Washington LLC, a business entity

14 that, among other things, designs, constructs, and maintains natural resource restoration and

15 enhancement projects on behalf of persons that are liable for natural resource damages at

16 properties that have suffered a loss of Natural Resources pursuant to CERCLA. The Port is

17 working with Wildlands to plan, restore and manage habitat within the Project Site.

18                         **V.     GENERAL PROVISIONS**

19    5.     The Complaint states claims upon which relief may be granted.

CONSENT DECREE                                  UNITED STATES DEPARTMENT OF JUSTICE
                                                   Environment and Natural Resources Division
                                                   P.O. Box 7611, Washington, D.C. 20044-7611
                                                           202-514-5270

1   6.  This Consent Decree shall not be used as evidence of Settling Defendant's or

2 Settling Federal Agency's alleged liability in any action or proceeding other than an action or

3 proceeding to enforce the terms of this Decree.

4   7.  This Decree is not, and shall not be construed to be, a permit issued pursuant to

5 any law. Where any portion of the activities undertaken pursuant to this Decree requires a

6 federal, state or local permit or approval, Settling Defendant shall submit timely and complete

7 applications and take all other actions necessary to obtain such permits or approvals.  Settling

8 Defendant may not seek relief under the provisions of Section X (Force Majeure) of this Decree

9 for any delay in the performance of the Project resulting from a failure to obtain, or a delay in

10 obtaining, any permit or approval required for the Project.

11   8.  Settling Defendant shall ensure that all work performed under this Decree shall be

12 conducted as set forth in Appendix C to achieve the objective of constructing and maintaining

13 the Project to meet the Performance Standards identified in Appendix C.  If the Trustees

14 determine that Settling Defendant is not complying with the requirements set forth in the Decree,

15 including Appendix C, the Trustees shall provide written notice to Settling Defendant specifying

16 the basis for their determination of noncompliance.  Settling Defendant may correct the

17 noncompliance or invoke the dispute resolution procedures set forth in Section XI.  The Trustees

18 may require Settling Defendant to take actions to alter, suspend or cease ongoing activities, and

19 to alter, postpone or refrain from taking proposed actions, as are necessary to ensure compliance

20 with the terms of this Decree and any plans or proposals adopted hereunder.  If Settling

21 Defendant disputes any such requirements imposed by the Trustees, the Settling Defendant may

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    invoke the dispute resolution procedures set forth in Section XI.  Notwithstanding the foregoing,

2    if in connection with the noncompliance the Trustees seek to exercise one of the performance

3    guarantees in Section VI.F, the procedures described in Paragraph 26 will control.

4          9.      The Plaintiffs do not, by their consent to the entry of this Decree, warrant or aver

5    in any manner that Settling Defendant's compliance with this Decree will result in compliance

6    with CERCLA or any other law.  Compliance with this Decree does not diminish or affect

7    Settling Defendant's responsibility to comply with any applicable federal, state, tribal or local

8    law or regulation.  The Parties agree that Settling Defendant is responsible for achieving and

9    maintaining complete compliance with all applicable federal, state, tribal and local laws,

10    regulations and permits (including those related to Settling Defendant's operation, maintenance

11    and repair of the I-5 Dike identified in Sections 6.1, 8.2 and 10.1 of Appendix C).

12    **VI.    PERFORMANCE OF RESTORATION PROJECT BY SETTLING DEFENDANT**

13          10.    Settling Defendant shall fund and perform all activities required for design,

14    construction, and Maintenance and Monitoring of the Blue Heron Slough Restoration Project, in

15    accordance with the requirements and schedule set forth in Appendix C, and shall make

16    arrangements for Stewardship of the Project in accordance with the Conservation Bank

17    Agreement.  The Parties stipulate that the time period for implementing the Project is a

18    significant factor in the settlement reached in this Decree and that delay in carrying out the

19    activities required in this Decree may diminish the compensatory value attributable to those

20    activities.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

**A. Design and Construction of the Blue Heron Slough Project**

11.  Settling Defendant shall reach Final Completion of the Project by no later than four years after the Effective Date of this Decree.  If Settling Defendant has not reached Final Completion by this date, then Settling Defendant shall either (i) pay to the Trustees the sum of $50,000 as compensation for the additional delay in restoration of Natural Resources, or (ii) perform additional restoration work agreed upon in writing by Settling Defendant and the Trustees.  For each subsequent year beyond four years after the Effective Date of this Decree in which Settling Defendant has not reached Final Completion, and the Trustees have not taken over restoration work by requiring payments in accordance with Paragraphs 26 or 28, Settling Defendant shall either (i) pay to the Trustees the sum of $50,000 as compensation for the additional delay in restoration of Natural Resources, or (ii) perform additional restoration work agreed upon in writing by Settling Defendant and the Trustees.  Settling Defendant's obligations under this paragraph are in addition to any other obligations or applicable penalties under this Decree.  If a condition constituting default under the terms of the Performance Bond (Appendix F) occurs, Settling Defendant may request, and the Trustees may consider and agree to, adjustments to the construction deadline described in this paragraph and the related deadlines set forth in Appendix C.

12.  Within ninety (90) days after Final Completion, Settling Defendant shall submit a written Notice of Final Completion to the Trustees.  The Trustees shall review the results of the development of the Project to determine whether the Project has been constructed in accordance with, and as designed to meet the Performance Standards set forth in, Appendix C.  Within

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    ninety (90) days after receiving the Notice of Final Completion, the Trustees shall submit to

2    Settling Defendant either (a) a written notice identifying specific deficiencies the Trustees

3    determine must be satisfied for the Project to be completed in accordance with Appendix C

4    (Notice of Deficiencies); or (b) a written notice of the Trustees' determination that the Project

5    has been so completed (Notice of Approval of Final Completion). Failure by the Trustees to

6    provide any notice within the specified time shall be deemed approval. Within one hundred

7    eighty (180) days of receipt of a Notice of Deficiencies, or as otherwise agreed to in writing by

8    the Trustees, Settling Defendant shall correct the identified deficiencies and complete the Project

9    in accordance with Appendix C, and submit to the Trustees an amended Notice of Final

10   Completion for review and response in accordance with this paragraph. Any delay in completing

11   construction of the Project as a result of the operation of this paragraph shall not in and of itself

12   constitute grounds for relief from the requirement to pay compensation under Paragraph 11 of

13   this Section or stipulated penalties under Section XII (Stipulated Penalties) for compliance

14   delays.

15        **B. Initial Maintenance and Monitoring Requirements**

16        13.    Settling Defendant shall develop and submit to the Trustees for review and

17   approval an Initial Maintenance and Monitoring Plan, by the deadline set forth in Appendix C

18   (Sections 9.3 and 10.1), to maintain and monitor the vegetation and habitat of the Project to meet

19   the Performance Standards set forth in Appendix C for a period of ten (10) years from Final

20   Completion, including any needed Contingency Measures or Adaptive Management Plans as

21   directed at the sole and unreviewable discretion of the Trustees. Upon completion of the ten-

CONSENT DECREE                                          UNITED STATES DEPARTMENT OF JUSTICE
                                                        Environment and Natural Resources Division
                                                        P.O. Box 7611, Washington, D.C. 20044-7611
                                                        202-514-5270

1   year period, Settling Defendant shall provide written Notice of Completion of Initial

2   Maintenance and Monitoring Obligations to the Trustees in accordance with Section XIX

3   (Notices and Submissions). Within forty-five (45) days after receiving the Notice of Completion

4   of Initial Maintenance and Monitoring Obligations, the Trustees shall submit to Settling

5   Defendant either (a) a written notice identifying specific deficiencies the Trustees determine

6   must be satisfied for the Initial Maintenance and Monitoring obligations to be completed in

7   accordance with Appendix C (Notice of Deficiencies); or (b) a written notice of the Trustees'

8   determination that the Initial Maintenance and Monitoring obligations are completed (Approval

9   of Completion of Initial Maintenance and Monitoring Obligations). Failure by the Trustees to

10  provide any notice within the specified time shall be deemed approval. In the event the Trustees

11  identify, in a Notice of Deficiencies, specific deficiencies with Settling Defendant's compliance

12  with its obligations, Settling Defendant shall correct the identified deficiencies and complete the

13  Project in accordance with Appendix C. Within one hundred eighty (180) days of Settling

14  Defendant's receipt of a Notice of Deficiencies from the Trustees, or as otherwise agreed to in

15  writing by the Trustees, Settling Defendant shall complete all corrective actions and submit to

16  the Trustees an amended Notice of Completion of Initial Maintenance and Monitoring

17  Obligations for review and response in accordance with this paragraph.

18  **C. Long-Term Maintenance and Monitoring Requirements**

19      14.   Settling Defendant shall develop and submit to the Trustees for review and

20  approval a Long-Term Maintenance and Monitoring Plan, by the deadline set forth in Appendix

21  C (Sections 9.3 and 10.1), for maintaining vegetation and other habitat attributes, for controlling

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    invasive vegetation and debris removal, and for undertaking corrective actions for any

2    perturbation that affects the ecological integrity of the Project, as set forth more fully in

3    Appendix C (Section 8).  For purposes of this Decree, Settling Defendant's responsibility for

4    active maintenance and corrective action of the Project (Long-Term Maintenance and

5    Monitoring) shall extend twenty (20) years from the Notice of Completion of Initial Maintenance

6    and Monitoring Obligations, or sooner if the Trustees agree that a "force majeure" event makes

7    corrective action or further maintenance impossible.  Perturbations include events with a

8    foreseeable probability of occurrence (such as, for example, flood events up to a 100 year flood

9    event) but do not include "force majeure" events.

10       15.    Settling Defendant shall be responsible for continued maintenance and corrective

11   actions for the Project in accordance with Paragraph 14, regardless of ownership of property

12   within the Project Site.  Settling Defendant is solely responsible for securing the cooperation of

13   any property owners, including Wildlands, in order to successfully complete and maintain the

14   Project in accordance with Appendix C.  Any failure by Settling Defendant to successfully

15   complete or maintain the Project in accordance with Appendix C resulting from disputes with

16   any property owners, including but not limited to, Wildlands, shall not constitute a "force

17   majeure" event.

18       16.    If Settling Defendant transfers ownership of any property within the Project Site

19   prior to the expiration of Settling Defendant's obligations in Paragraph 14, such transfer shall not

20   affect or lessen Settling Defendant's obligations under that paragraph, or any other provision of

21   this Decree, and as a condition of any such transfer, the entity to which any property is

CONSENT DECREE                                          UNITED STATES DEPARTMENT OF JUSTICE
                                                        Environment and Natural Resources Division
                                                        P.O. Box 7611, Washington, D.C. 20044-7611
                                                        202-514-5270

1    transferred shall be required to provide Settling Defendant with all access necessary to fulfill

2    Settling Defendant's responsibilities under Paragraph 14. Within sixty (60) days of any proposed

3    transfer of property within the Project Site, Settling Defendant shall provide the Trustees with

4    written notice of the proposed transfer, identifying the entity that will own the property,

5    certifying that Settling Defendant provided a copy of this Decree to such entity and providing a

6    copy of the proposed access agreement for review and approval by the Trustees.

7    **D. Stewardship Requirements**

8        17.    The Parties' intention is that the ecological functions provided by the Project be

9    maintained in perpetuity. In order to ensure permanent preservation of the Project Site, and

10   ensure all ecological functions provided by the Project be maintained in perpetuity, Settling

11   Defendant shall grant and record a conservation easement for the Project Site, including for its

12   property, and obtain necessary agreements to grant and record such a conservation easement for

13   property owned by Wildlands.  The conservation easements shall be in the form set forth in

14   Appendix D, and shall be executed within thirty (30) days of the Effective Date of this Decree.

15   Settling Defendant shall take all other appropriate actions necessary to ensure that the Project

16   Site will not be used in a manner inconsistent with the requirements of this Decree.

17       18.    Prior to the completion of Long-Term Maintenance and Monitoring, Settling

18   Defendant shall make arrangements for Stewardship of the Project, consistent with the

19   requirements of the Conservation Bank Agreement.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1     **E. General Project Requirements**

2        19.     Settling Defendant shall not take any action that is inconsistent with this Decree

3 and that would adversely affect the Project, including those prohibited actions set forth in the

4 Conservation Easement (Appendix D) and the Conservation Bank Agreement.

5        20.     Settling Defendant shall undertake all activities required to address cultural

6 resource issues associated with the Project, including, as applicable, consultation with tribes and

7 the Washington State Department of Archaeology and Historic Preservation, conducting a

8 background and project review by an archaeologist who meets the Department of Interior's

9 professional qualification standards at 36 C.F.R. Part 61, conducting cultural resource surveys or

10 monitoring activities, and meeting the requirements in Sections 5.1.5 and 6.3 of Appendix C.

11     **F. Performance Guarantees**

12        21.     <u>Purpose of Performance Guarantees</u>. Settling Defendant shall provide certain

13 Performance Guarantees, described in this Section VI.F, in order to ensure that there are

14 sufficient funds to properly construct the Project and conduct Maintenance and Monitoring,

15 notwithstanding any noncompliance with the terms of this Consent Decree by Settling Defendant

16 or Wildlands. The Performance Guarantees are intended to provide sufficient funds to Settling

17 Defendant to complete, maintain, and monitor the Project in the event of noncompliance by

18 Wildlands; and to provide sufficient funds to the Trustees to complete, maintain, and monitor the

19 Project in the event of noncompliance by both Settling Defendant and Wildlands, or

20 noncompliance by Wildlands that Settling Defendant fails to remedy.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    22.    <u>Project Escrow Account</u>.  In accordance with the Project Escrow Agreement

2    attached as Appendix G, Settling Defendant shall establish a Project Escrow Account in

3    accordance with the timeframes set forth in Appendix G. The Project Escrow Agreement may

4    not be modified or terminated without the express written approval of the Trustees.

5        a.    The Project Escrow Account shall have two subaccounts:

6            i.    A subaccount to hold the transferred funds described in Paragraph I above

7    (funds paid by settlors in the Cashout Consent Decree) and Paragraph 32 below (funds paid on

8    behalf of the Settling Federal Agency), and any proceeds received by Settling Defendant from

9    the Performance Bond described in Paragraph 24 below (the "Transfer Subaccount"); and

10            ii.    A subaccount to hold other funds provided by Settling Defendant to

11    Wildlands to complete construction of the Project (the "Direct Subaccount"), to be funded as

12    described in Appendix E.

13        b.    Settling Defendant shall only use the funds in the Project Escrow Account

14    for the Project, and any remaining funds shall only be released after the Trustees provide a

15    Notice of Approval of Final Completion as described in Paragraph 12.

16        c.    At least fifteen (15) days before making any payment from the Project

17    Escrow Account, Settling Defendant shall provide notice and an accounting to the Trustees of

18    the proposed expenditures from the Project Escrow Account, including a copy of the invoice(s)

19    to be paid and statement of the work performed.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1          d.     In the event that the Trustees issue a Notice of Exercise of Performance

2    Guarantee pursuant to Paragraph 26.d, the Trustees shall be entitled to all funds in the Transfer

3    Subaccount necessary to complete construction of the Project, as determined by the Trustees.

4        23.    <u>Maintenance and Monitoring Escrow Account.</u> In accordance with the

5    Maintenance and Monitoring Escrow Agreement attached as Appendix G, Settling Defendant

6    shall establish a Maintenance and Monitoring Escrow Account in the amount of $625,836 within

7    sixty (60) days of the Effective Date of this Decree. The Maintenance and Monitoring Escrow

8    Agreement may not be modified or terminated without the express written approval of the

9    Trustees. Settling Defendant shall only use the funds in the Maintenance and Monitoring

10    Escrow Account for Maintenance and Monitoring of the Project. Any funds remaining in the

11    Maintenance and Monitoring Escrow Account at the conclusion of the Maintenance and

12    Monitoring period shall be applied towards Stewardship of the Project.

13        24.    <u>Performance Bond.</u> In order to ensure completion of construction of the Project,

14    Settling Defendant shall secure a surety bond (Performance Bond) in the initial amount of

15    $5,076,748.21 and in the form attached as Appendix F, guaranteeing payment and/or

16    construction of the Project by Wildlands for the benefit of the Port and Trustees. Such

17    Performance Bond shall be issued by a surety company among those listed as acceptable sureties

18    on federal bonds as set forth in Circular 570 of the U.S. Department of the Treasury, and

19    approved by the Trustees.

20          a.     Settling Defendant shall obtain the Performance Bond within ninety (90)

21    days of the Effective Date of this Decree, and submit an executed copy to the Trustees. Settling

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1   Defendant shall ensure that the Performance Bond is maintained as legally binding and fully

2   effective.

3             b.      <u>Calling the Performance Bond</u>.

4                 i.     Settling Defendant or the Trustees may call the Performance Bond at any

5   time after a Notice of Project Abandonment or Default is provided to the surety pursuant to

6   Paragraph 26.a, provided that the Parties comply with the timing provisions of Paragraph 26.b

7   and 26.c.

8                ii.     If Settling Defendant calls the Performance Bond and the surety elects to

9   complete the Project, Settling Defendant shall provide surety's written notice of such election to

10   the Trustees with ten (10) days of receipt, and shall meet and confer with Trustees regularly

11   regarding the progress of remaining Project construction under surety. Any failure by the surety

12   to properly complete construction of the Project shall not relieve Settling Defendant of its

13   obligations pursuant to this Decree.

14                iii.     If the Settling Defendant calls the Performance Bond and the surety elects

15   to tender to Settling Defendant sufficient funds to complete the Project, Settling Defendant shall

16   deposit such funds into the Transfer Subaccount and use such funds to complete the Project.

17   Any failure by the surety to tender sufficient funds to Settling Defendant shall not relieve

18   Settling Defendant of its obligations pursuant to this Decree. At least fifteen (15) days before

19   making any payment from the Performance Bond, Settling Defendant shall provide notice and an

20   accounting to the Trustees of the proposed expenditures from the Performance Bond, including a

21   copy of the invoice(s) to be paid and statement of the work performed.

CONSENT DECREE
                               UNITED STATES DEPARTMENT OF JUSTICE
                               Environment and Natural Resources Division
                               P.O. Box 7611, Washington, D.C. 20044-7611
                               202-514-5270

1          c.       Settling Defendant may submit to the Trustees, on any anniversary of the

2    Effective Date of this Decree or at any other time agreed to by the Parties, a request to reduce the

3    amount, or change the form or terms, of the Performance Bond.  Any such request must include

4    an estimate of the cost of the remaining construction work, an explanation of the bases for the

5    cost calculation, and a description of the proposed changes.  The Trustees will notify Settling

6    Defendant in writing of their decision to approve or disapprove a requested change pursuant to

7    this subparagraph.  Settling Defendant may reduce the amount of or change the form or terms of

8    the Performance Bond only in accordance with: (a) the Trustees' approval; or (b) if there is a

9    dispute, the agreement or final judicial decision resolving such dispute under Section XI (Dispute

10   Resolution).  Within thirty (30) days after receipt of the Trustees' approval of, or the agreement

11   or decision resolving a dispute relating to, the requested modifications pursuant to this

12   subparagraph, Settling Defendant shall submit to the Trustees documentation of the reduced,

13   revised, or alternative Performance Bond.

14         d.       If the issuer of the Performance Bond notifies Settling Defendant that it

15   intends to resign and/or cancel the Performance Bond, and the Settling Defendant fails to provide

16   an alternative financial assurance mechanism in an amount and form that is reasonably

17   acceptable to the Plaintiffs, Settling Defendant must pay in full the funds guaranteed under the

18   Performance Bond to the Transfer Subaccount at least thirty (30) days prior to the cancellation

19   date.

20       25.    Order of Performance Guarantees.  The Parties intend that the funds in the

21   Transfer Subaccount described in Paragraph 22 above will be the first source of funding to

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    complete construction of the Project. Therefore, the funds secured by the Performance Bond

2    described in Paragraph 24 above will be available to Settling Defendant only after the balance in

3    the Transfer Subaccount has been exhausted. Funds in the Maintenance and Monitoring Escrow

4    Account described in Paragraph 23 above will be available to the Parties only after Final

5    Completion of the Project.

6        26.    Exercise of Performance Guarantees by the Trustees. The Performance

7    Guarantees described above provide funding to complete construction, or Maintenance and

8    Monitoring, in the event a Default occurs or in the event of a Project Abandonment. The Parties

9    have agreed that, before the Trustees may exercise the Performance Guarantees described above,

10   Settling Defendant shall have a limited opportunity to pursue dispute processes with the Trustees

11   and/or with Wildlands regarding any such Project Abandonment or Default. This paragraph

12   describes the processes and timelines for identifying and notifying the Parties of identified

13   Project Abandonment or Default; for disputes about identified Project Abandonment or Default;

14   and for exercise of the Performance Guarantees by the Trustees.

15       a.    Identification of Project Abandonment or Default. If Settling Defendant

16   identifies or learns of Project Abandonment or Default, Settling Defendant shall issue a Notice of

17   Project Abandonment or Default to the Trustees within fifteen (15) days, and explain what steps

18   are being taken to address the Project Abandonment or Default. If the Trustees independently

19   determine that Project Abandonment or Default has occurred, the Trustees will issue a Notice of

20   Project Abandonment or Default to Settling Defendant, specifying the deficiencies and grounds

21   upon which such notice was issued. Settling Defendant shall have fifteen (15) days from

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    issuance or receipt (as applicable) of such notice to remedy, to the Trustees' satisfaction, the

2    issues set forth in the Notice of Project Abandonment or Default.

3              b.    <u>Dispute Processes for Project Abandonment or Default</u>.  If Settling

4    Defendant has not remedied to the Trustees' satisfaction the issues set forth in the Notice of

5    Project Abandonment or Default within fifteen (15) days, the Trustees will issue a Notice of

6    Intent to Exercise Performance Guarantee ("Notice of Intent").  Within fifteen (15) days from

7    receipt of such Notice of Intent, Settling Defendant shall either (i) remedy the identified issues,

8    (ii) invoke dispute resolution procedures with the Trustees pursuant to Section XI (Dispute

9    Resolution); or (iii) invoke the procedures for notice, cure and arbitration ("Cure and Arbitration

10   Process") with Wildlands pursuant to the terms of the agreement between Settling Defendants

11   and Wildlands.

12             i.    If, within fifteen (15) days of receipt of a Notice of Intent, Settling

13   Defendant does not either remedy the identified issues, invoke dispute resolution procedures

14   with the Trustees pursuant to Section XI (Dispute Resolution), or invoke the Cure and

15   Arbitration Process with Wildlands, then the Trustees may exercise the Performance Guarantees

16   as the Trustees deem necessary to complete or maintain the Project.

17             ii.    If Settling Defendant timely initiates dispute resolution procedures with

18   the Trustees pursuant to Section XI (Dispute Resolution), or timely initiates the Cure and

19   Arbitration Process with Wildlands, the Trustees will not exercise the Performance Guarantees

20   until at least one hundred eighty (180) days have elapsed from issuance of the Notice of Intent

21   (the "Abeyance Period"), and will exercise the Performance Guarantees only in the event that the

CONSENT DECREE                              UNITED STATES DEPARTMENT OF JUSTICE
                                            Environment and Natural Resources Division
                                            P.O. Box 7611, Washington, D.C. 20044-7611
                                            202-514-5270

1   issues described in the Notice of Project Abandonment or Default have not been remedied to the

2   Trustees' satisfaction during the Abeyance Period.

3           iii.    If, after the Abeyance Period described above has elapsed, the Project

4   Abandonment or Default has not been corrected, the Trustees may exercise the Performance

5   Guarantees as the Trustees deem necessary to complete or maintain the Project, but only in the

6   order described in Paragraph 25.  If a dispute process between Settling Defendant and Wildlands

7   is ongoing at that time, Settling Defendant may request, and the Trustees may, but shall not be

8   required to, agree to an additional extension of time before exercising the Performance

9   Guarantees.  If a dispute process between Settling Defendant and the Trustees is ongoing at that

10  time, the Trustees may in their sole discretion exercise the Performance Guarantees until the

11  earlier of (1) the date that Settling Defendant remedies, to the Trustees' satisfaction, the

12  circumstances giving rise to the dispute, or (2) the date that a final decision is rendered by the

13  court in favor of Settling Defendant.  Following either event, the Trustees shall cease obligating

14  any further funds pursuant to this Section VI.F but shall not be required to repay any funds

15  already obligated or spent by the Trustees.

16          c.      Exception for Project Takeovers.  If, as a result of Project Abandonment

17  or Default, the Trustees exercise the Performance Guarantees pursuant to the provisions of

18  subparagraphs 26.a and 26.b and actually take over construction of the Project by drawing on the

19  funds in the Transfer Subaccount and/or calling the Performance Bond, then the Trustees shall

20  not be required to follow the process described in subparagraphs 26.a and 26.b prior to

21  exercising any remaining Performance Guarantees.

CONSENT DECREE                          UNITED STATES DEPARTMENT OF JUSTICE
                                        Environment and Natural Resources Division
                                        P.O. Box 7611, Washington, D.C. 20044-7611
                                        202-514-5270

1          d.     <u>Exercise of Performance Guarantees</u>. The Trustees shall exercise the

2  Performance Guarantees by sending a Notice of Exercise of Performance Guarantee to the

3  Escrow Agent or Surety, as applicable, as further described in Appendices E, F, and G.  Any

4  funds obtained by the Trustees' exercise of the Performance Guarantees shall be, as directed by

5  the Trustees: (i) paid to the Trustees in order to facilitate the completion of the work by the

6  Trustees or by another person; or (ii) deposited into an interest-bearing account, established at a

7  duly chartered bank or trust company that is insured by the FDIC, in order to facilitate the

8  completion of the work by another person.

9        27.    <u>Release, Cancellation, or Discontinuation of Performance Guarantees.</u>  Settling

10  Defendant shall not release, cancel, or discontinue any Performance Guarantee required under

11  this Section except as provided pursuant to this paragraph and as set forth in Appendices E, F

12  and G.  Settling Defendant may release, cancel, or discontinue any Performance Guarantee

13  provided under this Section only: (a) for the Performance Guarantees required by Paragraphs 22

14  and 24, if the Trustees issue a Notice of Approval of Final Completion under Paragraph 12; (b)

15  in accordance with the Trustees' written notice of approval of such release, cancellation, or

16  discontinuation; or (c) if there is a dispute between the Trustees and Settling Defendant regarding

17  the release, cancellation or discontinuance of any Performance Guarantee, in accordance with

18  any agreement or final judicial decision resolving such dispute under Section XI (Dispute

19  Resolution) and permitting such release, cancellation, or discontinuation.

20        28.    <u>Shortfall Payments</u>.  If the Trustees take over construction of the Project, and the

21  funds available in the Transfer Subaccount and any funds received directly by the Trustees from

CONSENT DECREE                                                              UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    the Performance Bond are insufficient to complete construction of the Project, Settling

2    Defendant shall, in addition to the funds in the Transfer Subaccount, pay to the Trustees all

3    remaining costs necessary to complete construction of the Project, as determined by the Trustees,

4    up to a total amount of $4,634,287.47 ("shortfall payments").  Whenever a shortfall payment is

5    required to fund remaining work, the Trustees will provide Settling Defendant with an estimate

6    of the cost of remaining work along with a demand for payment of the estimated costs.  Payment

7    shall be made within thirty (30) days of the demand for such payment(s) from the Trustees.

8    Within 180 days of completion of any work funded by shortfall payments, the Trustees will

9    provide Settling Defendant with documentation of the costs incurred.  Shortfall payments shall

10    be paid in accordance with Paragraph 26.d.  For the purpose of Section XII (Stipulated

11    Penalties), Settling Defendant's full payment of the costs necessary to complete restoration work,

12    as determined by the Trustees, in accordance with this subparagraph shall constitute compliance

13    by the Settling Defendant with the deadline set forth in Paragraph 11.

14    **G. Restriction on Sale of Ecological or Other Conservation Credits**

15        29.    Settling Defendant may use the Project for purposes of a bank to sell or transfer to

16    other parties ecological or conservation credits to potentially resolve liabilities under federal and

17    state environmental laws; however, to resolve its liability pursuant to this Decree, Settling

18    Defendant shall, upon Final Completion of the Project, purchase 469.39 NRD DSAYs in the

19    Project, equivalent to 34.79 acres of the Project Site, which acreage shall not be used as the basis

20    for credits transferred or offered for sale to other parties.  Except as set forth in this Section VI.G

21    (Restriction on Sale of Ecological or Other Conservation Credits), Settling Defendant's

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    establishment and operation of any such bank or transfer or sale of credits to other parties is not

2    subject to this Decree.

3        30.    Settling Defendant shall take the following steps to ensure that Settling Defendant

4    does not transfer or sell credits based upon the excluded portion of the Project Site identified in

5    Paragraph 29:

6            a.    Within 30 days of the sale of any credits (whether NRD,

7    CBA/conservation, or wetlands credits), Settling Defendant shall submit credit sales

8    documentation to Trustees.  Where applicable, this documentation shall be the same

9    documentation Settling Defendant submits to NOAA under the Conservation Bank Agreement.

10            b.    Settling Defendant shall maintain a register of any credit sales and

11    transfers (whether NRD, CBA/conservation, or wetlands credits) that reflects the acreage

12    associated with each sale or transfer, and shall provide an updated version of the register to the

13    Trustees with each annual Maintenance and Monitoring Report, or upon the request of the

14    Trustees.

15    **H. Selection of Contractors**

16        31.    Settling Defendant has selected, and the Trustees have approved, Wildlands as its

17    contractor to design, construct, monitor and maintain the Restoration Project. The selection of

18    any other contractor hereafter retained by Settling Defendant to perform any of the work required

19    under this Decree shall be subject to Trustee approval.  Settling Defendant shall notify the

20    Trustees in writing of the name, title and qualifications of any contractor Settling Defendant

21    proposes to retain, and of any proposed changes in the selection of a contractor.  The Trustees

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    will notify Settling Defendant in writing of the approval or disapproval of a proposed contractor.

2    The Trustees' assent to the proposed selection or change of a contractor may be presumed unless

3    the Trustees notify Settling Defendant in writing of their objection to the proposed selection or

4    change within thirty (30) days of Settling Defendant' written selection notice.

5    **VII.   PAYMENT OF NATURAL RESOURCE DAMAGES BY SETTLING FEDERAL**
6               **AGENCY AND USE BY SETTLING DEFENDANT**

7    32.    As soon as reasonably practicable after the Effective Date, the United States, on

8    behalf of the Settling Federal Agency, will pay to the Transfer Subaccount described in

9    Paragraph 22.a.i above a total of $789,840 for Natural Resource Damages.  Payment shall be

10    made by Automated Clearing House (ACH) Electronic Funds Transfer in accordance with

11    instructions provided by Settling Defendant.

12    33.    _Interest_.  In the event that the payment required by Paragraph 32 is not made

13    within 120 days after the Effective Date, the United States, on behalf of the Settling Federal

14    Agency, shall pay interest on the unpaid balance, at the rate specified for interest on investments

15    of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded

16    annually on October 1 of each year in accordance with 42 U.S.C. § 9607(a). The applicable rate

17    of interest is the rate in effect at the time the interest accrues. The rate of interest is subject to

18    change on October 1 of each year.  Such interest shall commence on the 121st day after the

19    Effective Date and accrue through the date of the payment.

20    34.    Settling Defendant will notify the Trustees and the U.S. Department of Justice, in

21    accordance with Section XIX (Notices), within 3 days of receiving the payment described in

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    Paragraph 32. Written notice to each Trustee by electronic mail, using the Trustee's e-mail

2    address(es) listed in Section XIX (Notices), satisfies the notice requirement of this paragraph.

3    Settling Defendant shall only use the payment described in Paragraph 32 for the Project. Within

4    30 days of receiving the payment described in Paragraph 32, Settling Defendant shall purchase

5    80 NRD DSAYs in the Project, equivalent to 5.93 acres of the Project Site, which acreage shall

6    not be used as the basis for credits transferred or offered for sale to other parties.

7                      **VIII.   PAYMENTS OF ASSESSMENT COSTS**

8            **A. Payments by Settling Defendant for Assessment Costs**

9            35.     Within thirty (30) days of the Effective Date of this Decree, Settling Defendant

10   shall pay the amounts for past assessment costs as described below:

11                   a.      Payments for Past Assessment Costs Incurred by the United States.

12                   i.    Within 30 days after the Effective Date, Settling Defendant shall pay

13   $468,157.19 to the United States for unpaid assessment costs incurred by the United States

14   through September 30, 2018. Payment shall be made by FedWire Electronic Funds Transfer

15   ("EFT") to the U.S. Department of Justice account, in accordance with instructions provided to

16   Settling Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's

17   Office for the Western District of Washington after the Effective Date. The payment instructions

18   provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number,

19   which Defendant shall use to identify all payments required to be made in accordance with this

20   Consent Decree. The FLU will provide the payment instructions to:

21

CONSENT DECREE                                    UNITED STATES DEPARTMENT OF JUSTICE
                                                  Environment and Natural Resources Division
                                                  P.O. Box 7611, Washington, D.C. 20044-7611
                                                  202-514-5270

```
1     John Carter
2     Chief Financial Officer
3     (425) 388-0616
4     johnc@portofeverett.com
5     1205 Craftsman Way
6     Suite 200
7     Everett, Washington 98201
8
9     Bob Marion
10    Controller
11    (425) 388-0616
12    robertm@portofeverett.com
13    1205 Craftsman Way
14    Suite 200
15    Everett, Washington 98201
```

16    on behalf of Settling Defendant.  Settling Defendant may change the individuals to receive

17    payment instructions on its behalf by providing written notice of such change to the United

18    States in accordance with Section XIX (Notices).

19              ii.      Of the total amount to be paid by Settling Defendant pursuant to

20    Subparagraph 35.a.i:

21                       1.    $291,019.73 shall be deposited in the DOI Natural Resource

22    Damage Assessment and Restoration Fund ("NRDAR Fund"), to be applied toward natural

23    resource damage assessment costs incurred by DOI.

24                       2.    $177,137.46 shall be deposited in the NOAA Damage Assessment

25    Remediation and Restoration Fund ("DARRF"), to be applied toward natural resource damage

26    assessment costs incurred by NOAA.

27              b.      <u>Payment for Past Assessment Costs Incurred by the State</u>.  Within 30 days

28    after the Effective Date, Settling Defendant shall pay $75,000.00 to the State of Washington for

CONSENT DECREE                          UNITED STATES DEPARTMENT OF JUSTICE
                                        Environment and Natural Resources Division
                                        P.O. Box 7611, Washington, D.C. 20044-7611
                                        202-514-5270

1   unpaid assessment costs incurred by the State through September 30, 2018.  Payment shall be

2   made by check or electronic fund transfer to the Washington State Department of Ecology,

3   referencing account 1T491.  If payment is made by mail, Settling Defendant shall send checks

4   to:

5          Cashiering Unit
6          Department of Ecology
7          P.O. Box 47611
8          Olympia, WA  98504-7611
9
10         c.      Payment of Past Assessment Costs Incurred by the Suquamish

11   Tribe.  Within 30 days after the Effective Date, Settling Defendant shall pay $69,486.83 to the

12   Suquamish Tribe for unpaid assessment costs incurred by the Tribe through September 30, 2018.

13   Payment shall be made by check to the Suquamish Tribe bearing the notation "Port Gardner Bay

14   NRDA."  Settling Defendant shall send checks to:

15         Finance Director
16         The Suquamish Tribe
17         Office of Tribal Attorney
18         P.O. Box 498
19         18690 Suquamish Way
20         Suquamish, WA 98392
21
22         d.      Payment of Past Assessment Costs Incurred by the Tulalip Tribes.  Within

23   30 days after the Effective Date, Settling Defendant shall pay $90,851.69 to the Tulalip Tribes

24   for unpaid assessment costs incurred by the Tribes through September 30, 2018.  Payment shall

25   be made by check to the Tulalip Tribes bearing the notation "Port Gardner Bay NRDA."

26   Settling Defendant shall send checks to:

27         Mr. Timothy A. Brewer

CONSENT DECREE                                  UNITED STATES DEPARTMENT OF JUSTICE
                                                Environment and Natural Resources Division
                                                P.O. Box 7611, Washington, D.C. 20044-7611
                                                202-514-5270

1           Office of the Reservation Attorney
2           The Tulalip Tribes
3           6406 Marine Drive
4           Tulalip, WA 98271

6    36.   <u>Payment of Interim Costs</u>. The Trustees shall provide Settling Defendant with a

7   bill requiring payment of costs incurred by the Trustees after September 30, 2018, through the

8   Effective Date of the Consent Decree, up to $36,500. Within 30 days of receiving the bill

9   requiring payment of costs from the Trustees, Settling Defendant shall pay the costs in

10   accordance with the procedures set forth in Paragraphs 35.a-d and 46.

11    37.   <u>Prepayment of Future Costs</u>. Within 30 days after the Effective Date, Settling

12   Defendant shall pay $23,000 for assessment, restoration planning, and restoration

13   implementation costs to be incurred by the Trustees after the Effective Date of this Decree.

14   Payment shall be made to the U.S. Department of Justice in accordance with Paragraph 35.a.i

15   and 46. These funds shall then be deposited in a Port Gardner Bay NRD Account within the DOI

16   NRDAR Fund on behalf of the Trustees. All funds deposited in the Port Gardner Bay NRD

17   Account shall, in accordance with law, be managed by DOI for use by the Natural Resource

18   Trustees in connection with restoration of Natural Resources in the Port Gardner Bay Area. DOI

19   shall not make any charge against the Port Gardner Bay NRD Account for any management

20   services provided. DOI shall hold all funds in the Port Gardner Bay NRD Account subject to the

21   provisions of this Decree. The Trustees commit to the expenditure of the funds set forth in this

22   Section VIII for the design, implementation, permitting (as necessary), monitoring, and oversight

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1  of restoration projects and for the costs of complying with the requirements of the law to conduct

2  the restoration planning and implementation process.

3  **B. Payments by Settling Federal Agency for Assessment Costs**

4      38.    Payment to DOI. As soon as reasonably practicable after the Effective Date, the

5  United States, on behalf of the Settling Federal Agency, shall pay $58,220.98 to DOI's NRDAR

6  Fund, in reimbursement of assessment costs incurred by DOI through September 30, 2018.

7      39.    Payment to NOAA. As soon as reasonably practicable after the Effective Date,

8  the United States, on behalf of the Settling Federal Agency, shall pay $31,602.69 to NOAA's

9  DARRF, in reimbursement of assessment costs incurred by NOAA through September 30, 2018.

10     40.    Payment to the State. As soon as reasonably practicable after the Effective Date,

11  the United States, on behalf of the Settling Federal Agency, shall pay to the State $20,659.50, for

12  unpaid assessment costs incurred by the State through September 30, 2018, by Automated

13  Clearing House (ACH) Electronic Funds Transfer in accordance with instructions provided by

14  the State.

15     41.    Payment to the Suquamish Tribe. As soon as reasonably practicable after the

16  Effective Date, the United States, on behalf of the Settling Federal Agency, shall pay to the

17  Suquamish Tribe $10,356.00, for unpaid assessment costs incurred by the Suquamish Tribe

18  through September 30, 2018, by Automated Clearing House (ACH) Electronic Funds Transfer in

19  accordance with instructions provided by the Suquamish Tribe.

20     42.    Payment to the Tulalip Tribes. As soon as reasonably practicable after the

21  Effective Date, the United States, on behalf of the Settling Federal Agency, shall pay to the

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1   Tulalip Tribes $15,091.94, for unpaid assessment costs incurred by the Tulalip Tribes through

2   September 30, 2018, by Automated Clearing House (ACH) Electronic Funds Transfer in

3   accordance with instructions provided by the Tulalip Tribes.

4       43.   Interest.  In the event that any payment required by Paragraphs 38-42 is not made

5   within 120 days after the Effective Date, the United States, on behalf of the Settling Federal

6   Agency, shall pay interest on the unpaid balance, at the rate specified in Paragraph 33, with such

7   interest commencing on the 121st day after the Effective Date and accruing through the date of

8   the payment.

9       44.   Payment of Interim Costs.  The Trustees shall provide the Settling Federal

10  Agency with a bill requiring payment of assessment costs incurred by the Trustees after

11  September 30, 2018, through the Effective Date of the Consent Decree, up to $74,000.  As soon

12  as reasonably practicable after receiving the bill requiring payment of costs from the Trustees,

13  the United States, on behalf of the Settling Federal Agency, shall pay the costs in accordance

14  with the procedures set forth in Paragraphs 38-42.  In the event that any payment required by this

15  paragraph is not made within 120 days after receiving the bill from the Trustees, the United

16  States, on behalf of the Settling Federal Agency, shall pay interest on the unpaid balance, at the

17  rate specified in Paragraph 33, with such interest commencing on the 121st day after receipt of

18  the bills and accruing through the date of the payment.

19      45.   The Parties to this Decree recognize and acknowledge that the payment

20  obligations of the Settling Federal Agency under this Decree can only be paid from appropriated

21  funds legally available for such purpose. Nothing in this Decree shall be interpreted or construed

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    as a commitment or requirement that the Settling Federal Agency obligate or pay funds in

2    contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of

3    law.

4    **C. Notice of Payments**

5    46.    At the time of each payment pursuant to Paragraphs 35-37, 38-42, and 44, the

6    Party making the payment will send notice to the recipient of the payment that payment has been

7    made. Written notice to a Party by electronic mail, using the Party's e-mail address(es) listed in

8    Section XIX (Notices), satisfies the notice requirement of this paragraph. Such notice will

9    reference Port Gardner Bay NRDA, DOJ case number 90-11-3-10859/1 and the civil action

10   number.

## IX.    INDEMNIFICATION AND INSURANCE

12   47.    Settling Defendant's Indemnification of the Plaintiffs.

13   a.    The Plaintiffs do not assume any liability by entering into this Consent

14   Decree. Settling Defendant shall indemnify, save, and hold harmless each of the Plaintiffs

15   and/or their officials, agents, employees, contractors, subcontractors, or representatives for or

16   from any and all claims or causes of action arising from, or on account of, negligent or other

17   wrongful acts or omissions of Settling Defendant, its officers, directors, employees, agents,

18   contractors, subcontractors, and any persons acting on Settling Defendant's behalf or under its

19   control, including Wildlands, in carrying out activities pursuant to this Decree. Further, Settling

20   Defendant agrees to pay the Plaintiffs all costs they incur including, but not limited to, attorneys'

21   fees and other expenses of litigation and settlement arising from, or on account of, claims made

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    against the Plaintiffs based on negligent or other wrongful acts or omissions of Settling

2    Defendant, its officers, directors, employees, agents, contractors, subcontractors, and any persons

3    acting on its behalf or under its control, in carrying out activities pursuant to this Decree.  Except

4    as specifically identified in Appendix F, none of the Plaintiffs shall be held out as a party to any

5    contract entered into by or on behalf of Settling Defendant in carrying out activities pursuant to

6    this Decree.  Neither Settling Defendant nor any contractor or representative of Settling

7    Defendant shall be considered an agent of any Plaintiff.  Settling Defendant shall require any

8    contractor retained by Settling Defendant who performs work for Settling Defendant in carrying

9    out activities pursuant to this Decree to affirmatively acknowledge that it is not acting as an

10   agent of any Plaintiff.

11           b.      Plaintiffs shall give Settling Defendant notice of any claim for which one

12   or more Plaintiffs plans to seek indemnification pursuant to this paragraph, and shall consult with

13   Settling Defendant prior to settling such claim.

14       48.     Settling Defendant covenants not to sue and agrees not to assert any claims or

15   causes of action against the Plaintiffs for damages or reimbursement or for set-off of any

16   payments made or to be made to the Plaintiffs, arising from or on account of any contract,

17   agreement, or arrangement between Settling Defendant and any person for performance of

18   activities pursuant to this Decree, including, but not limited to, claims on account of construction

19   delays.  In addition, Settling Defendant shall indemnify, save and hold harmless the Plaintiffs

20   with respect to any and all claims for damages or reimbursement arising from or on account of

21   any contract, agreement, or arrangement between Settling Defendant and any person for

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    performance of activities pursuant to this Decree, including, but not limited to, claims on account

2    of construction delays.

3        49,    <u>Insurance</u>. No later than fifteen (15) days before commencing any work involved

4    in implementing this Decree, Settling Defendant shall secure and maintain comprehensive

5    general liability and automobile liability insurance with limits of five million dollars, combined

6    single limit. The Trustees shall be named additional insureds on any such policies with respect

7    to all liability arising out of the activities performed by or on behalf of Settling Defendant

8    pursuant to this Decree. In addition, for the duration of this Decree, Settling Defendant shall

9    satisfy, or shall ensure that its contractors or subcontractors satisfy, all applicable laws and

10    regulations regarding the provision of worker's compensation insurance for all persons

11    performing any work involved in implementing this Decree. No later than fifteen (15) days

12    before commencing any work involved in implementing this Decree, Settling Defendant shall

13    provide to the Trustees certificates of such insurance and copies of such insurance policies.

14    Settling Defendant shall resubmit such certificates and copies of policies each year on the

15    anniversary of the Effective Date. If Settling Defendant demonstrates by evidence satisfactory to

16    the Trustees that any contractor or subcontractor maintains insurance equivalent to that described

17    above, or insurance covering the same risks but in a lesser amount, then, with respect to that

18    contractor or subcontractor, Settling Defendant need provide only that portion of the insurance

19    described above that is not maintained by the contractor or subcontractor.

CONSENT DECREE                        UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1                              **X.    FORCE MAJEURE**

2         50.    "Force majeure," for purposes of this Consent Decree, is defined as any event

3   arising from causes beyond the control of Settling Defendant or of any entity controlled by

4   Settling Defendant, or of the Settling Defendant's contractors and subcontractors, that delays or

5   prevents the performance of any obligation under this Decree despite Settling Defendant's best

6   efforts to fulfill the obligation.  The requirement that Settling Defendant exercise "best efforts to

7   fulfill the obligation" includes using best efforts to anticipate any potential force majeure and

8   best efforts to address the effects of any potential force majeure (a) as it is occurring and (b)

9   following the potential force majeure such that the delay and any adverse effects of the delay are

10  minimized to the greatest extent possible.  The requirement that Settling Defendant exercise

11  "best efforts to fulfill the obligation" also includes, where necessary, the filing of legal actions to

12  compel contract performance in accordance with the design and schedule approved by the

13  Trustees herein.  "Force majeure" does not include financial inability to complete any obligation

14  under this Decree.

15        51.    If any event occurs or has occurred that may delay the performance of any

16  obligation under this Decree for which Settling Defendant intends or may intend to assert a claim

17  of force majeure, Settling Defendant shall notify, in writing or by electronic transmission, the

18  Plaintiffs within seven (7) days of when Settling Defendant first knew that the event might cause

19  a delay.  Within 14 days thereafter, Settling Defendant shall provide in writing to the Plaintiffs

20  an explanation and description of the reasons for the delay; the anticipated duration of the delay;

21  all actions taken or to be taken to prevent or minimize the delay; a schedule of implementation of

CONSENT DECREE                          UNITED STATES DEPARTMENT OF JUSTICE
                                        Environment and Natural Resources Division
                                        P.O. Box 7611, Washington, D.C. 20044-7611
                                        202-514-5270

1    any measures to be taken to prevent or mitigate the delay or the effect of the delay; and the

2    Settling Defendant's rationale for attributing such delay to a force majeure.  Settling Defendant

3    shall include with any notice all available documentation supporting its claim that the delay was

4    attributable to a force majeure.  Settling Defendant shall be deemed to know of any circumstance

5    of which Settling Defendant, any entity controlled by Settling Defendant, or Settling Defendant's

6    contractors or subcontractors knew or should have known.  Failure to comply with the above

7    requirements regarding an event shall preclude Settling Defendant from asserting any claim of

8    force majeure regarding that event, provided, however, that if the Plaintiffs, despite the late or

9    incomplete notice, are able to assess to their satisfaction whether the event is a force majeure

10   under this Section and whether Settling Defendant has exercised its best efforts under this

11   Section, the Plaintiffs may, in their unreviewable discretion, excuse in writing Settling

12   Defendant's failure to submit timely or complete notices under this paragraph.

13          52.     If the Plaintiffs agree that the delay or anticipated delay is attributable to a force

14   majeure, the time for performance of the obligations under this Consent Decree that are affected

15   by the force majeure will be extended by the Plaintiffs for such time as is necessary to complete

16   these obligations.  An extension of the time for performance of the obligations affected by the

17   force majeure shall not, of itself, extend the time for performance of any other obligation.  If the

18   Plaintiffs do not agree that the delay or anticipated delay has been or will be caused by a force

19   majeure, the Plaintiffs will notify Settling Defendant in writing of their decision.  If the Plaintiffs

20   agree that the delay is attributable to a force majeure, the Plaintiffs will notify Settling Defendant

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

Page 43 of 75

1   in writing of the length of the extension, if any, for performance of the obligations affected by

2   the force majeure.

3       53.    If Settling Defendant elects to invoke the dispute resolution procedures set forth

4   in Section XI (Dispute Resolution) regarding the Plaintiffs' decision, it shall do so no later than

5   15 days after receipt of Plaintiffs' notice.  In any such proceeding, Settling Defendant shall have

6   the burden of demonstrating by a preponderance of the evidence that the delay or anticipated

7   delay has been or will be caused by a force majeure, that the duration of the delay or the

8   extension sought was or will be warranted under the circumstances, that best efforts were

9   exercised to avoid and mitigate the effects of the delay, and that Settling Defendant complied

10   with the requirements of Paragraphs 50 and 51.  If Settling Defendant carries this burden, the

11   delay at issue shall be deemed not to be a violation by Settling Defendant of the affected

12   obligation of this Decree identified to Plaintiffs and the Court.

13             **XI.    DISPUTE RESOLUTION**

14       54.    Unless otherwise expressly provided for in this Consent Decree, the dispute

15   resolution procedures of this Section shall be the exclusive mechanism to resolve disputes

16   regarding this Decree.  However, the procedures set forth in this Section shall not apply to

17   actions by the United States to enforce obligations of the Settling Defendant that have not been

18   disputed in accordance with this Section.

19       55.    Informal Dispute Resolution.  A dispute shall be considered to have arisen when

20   the Plaintiffs send the Settling Defendant a written Notice of Dispute, or the Settling Defendant

21   sends the Plaintiffs a written Notice of Dispute.  Any dispute regarding this Decree shall in the

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    first instance be the subject of informal negotiations between the Plaintiffs and Settling

2    Defendant. The period for informal negotiations shall not exceed twenty-one (21) days from the

3    date the Notice of Dispute is sent, unless it is modified by written agreement of the parties to the

4    dispute.

5         56.    Formal Dispute Resolution.

6              a.      In the event that the parties cannot resolve a dispute by informal

7    negotiations under the preceding paragraph, then the position advanced by the Plaintiffs shall be

8    considered binding unless, within twenty-one (21) days after the conclusion of the informal

9    negotiation period, Settling Defendant invokes the formal dispute resolution procedures of this

10   Section by serving on the Plaintiffs a written Statement of Position on the matter in dispute,

11   including, but not limited to, any factual data, analysis, or opinion supporting that position and

12   any supporting documentation relied upon by Settling Defendant.

13             b.      Within twenty-one (21) days after receipt of Settling Defendant's

14   Statement of Position, the Plaintiffs will serve on the Settling Defendant their Statement of

15   Position, including, but not limited to, any factual data, analysis, or opinion supporting that

16   position and any supporting documentation relied upon by the Plaintiffs. Within twenty-one (21)

17   days after receipt of Plaintiffs' Statement of Position, Settling Defendant may submit a Reply.

18             c.      An administrative record of the dispute shall be maintained by the

19   Plaintiffs and shall contain all statements of position, including supporting documentation,

20   submitted pursuant to this Section. Where appropriate, the Plaintiffs may allow submission of

21   supplemental statements of position by the parties to the dispute.

CONSENT DECREE                                UNITED STATES DEPARTMENT OF JUSTICE
                                              Environment and Natural Resources Division
                                              P.O. Box 7611, Washington, D.C. 20044-7611
                                              202-514-5270

1          d.      The Plaintiffs will issue a final decision resolving the dispute based on the

2   administrative record described in subparagraph (c) above.  This decision shall be binding upon

3   the Settling Defendant, subject only to the right to seek judicial review pursuant to

4   subparagraphs (e) and (f) below.

5          e.      Any final decision made by the Plaintiffs pursuant to subparagraph (d)

6   shall be reviewable by this Court, provided that a motion for judicial review of the decision is

7   filed by the Settling Defendant with the Court and served on all Parties within ten (10) days after

8   receipt of the Plaintiffs' decision.  The motion shall include a description of the matter in dispute,

9   the efforts made by the parties to resolve it, the final decision of the Plaintiffs, the relief

10   requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly

11   implementation of this Decree.  The Plaintiffs may file a response to Settling Defendant's

12   motion.

13          f.      In proceedings on any dispute governed by this paragraph, the Settling

14   Defendant shall have the burden of demonstrating that the decision of the Plaintiffs is arbitrary

15   and capricious or otherwise not in accordance with law.  Judicial review of the final decision of

16   the Plaintiffs shall be on the administrative record compiled pursuant to subparagraph (c).

17          g.      The invocation of formal dispute resolution procedures under this Section

18   does not extend, postpone, or affect in any way any obligation of Settling Defendant under this

19   Decree that is not directly in dispute, unless the Plaintiffs agree otherwise or as determined by

20   the Court.  Stipulated penalties with respect to the disputed matter shall continue to accrue, but

21   payment shall be stayed pending resolution of the dispute, as provided in Paragraph 64.

CONSENT DECREE                         UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day of

2    noncompliance with any applicable provision of this Decree.  In the event that Settling

3    Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid

4    as provided in Section XII (Stipulated Penalties).

5                                    **XII.    STIPULATED PENALTIES**

6           57.       Settling Defendant shall be liable to the Plaintiffs for stipulated penalties in the

7    amounts set forth in Paragraphs 58 and 59 for failure to comply with the requirements of this

8    Consent Decree specified below, unless excused under Section X (Force Majeure).

9           58.       Late Payments.  Settling Defendant shall pay a stipulated penalty of $1,500 per

10   day that each payment pursuant to Section VIII (Payments of Assessment Costs) is not made by

11   the required due date.

12          59.       Failure to Meet Deadlines or Satisfy Requirements of the Decree.  In the event

13   that Settling Defendant fails to meet a deadline or satisfy other requirements in this Decree

14   (subject to any modifications agreed to under Section XXII) set forth in Paragraphs 11, 22-24, 28

15   and 29 and in Section 10 of Appendix C, and any delay is not excused through operation of the

16   provisions of Section X (Force Majeure), then Settling Defendant shall pay stipulated penalties

17   per violation per day for any noncompliance as follows:

18   | Period of Noncompliance | Penalty per Violation per Day |
     |---|---|
19   | 1st through 14th day | $500 |
20   | 15th through 30th day | $750 |
21   | 31st day and beyond | $1,000 |

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1         Nothing in this Decree prevents the simultaneous accrual of separate penalties for separate

2  violations of this Decree.

3         60.    In the event that the Trustees assume performance of a portion or all of the

4  Restoration Project pursuant to Section VI, Defendant shall be liable for a stipulated penalty in

5  the amount of $100,000.  Stipulated penalties under this paragraph are in addition to the

6  remedies available under Paragraph 26 (Exercise of Performance Guarantees).

7         61.    All penalties shall begin to accrue on the day after the complete performance is

8  due or the day a violation occurs, and shall continue to accrue through the final day of the

9  correction of the noncompliance or completion of activity, or until the Trustees send a Notice of

10  Exercise of Performance Guarantee under Paragraph 26.d.  However, stipulated penalties shall

11  not accrue: (a) with respect to a final decision by the Plaintiffs under Paragraph 56.d of Section

12  XI (Dispute Resolution), during the period, if any, beginning on the 21st day after the date that

13  the Settling Defendant's reply to the Plaintiffs' Statement of Position is received until the date

14  that the Plaintiffs issue a final decision regarding such dispute; or (b) with respect to judicial

15  review by this Court of any dispute under Section XI (Dispute Resolution), during the period, if

16  any, beginning on the 31st day after the Court's receipt of the final submission regarding the

17  dispute until the date that the Court issues a final decision regarding such dispute.  Nothing in

18  this Decree shall prevent the simultaneous accrual of separate penalties for separate violations of

19  this Decree.

20        62.    Following the determination by the Plaintiffs, individually or jointly, that Settling

21  Defendant has failed to comply with a requirement of this Decree, the Plaintiffs may give

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1   Settling Defendant written notification of the same and describe the noncompliance.  The

2   Trustees may send Settling Defendant a written demand for payment of the penalties.  However,

3   penalties shall accrue as provided in the preceding paragraph regardless of whether the Trustees

4   have notified Settling Defendant of a violation.

5         63.     All penalties accruing under this Section shall be due and payable to the Plaintiffs

6   within 30 days after Settling Defendant's receipt from the Plaintiff(s) of a demand for payment

7   of the penalties, unless Settling Defendant invokes the Dispute Resolution procedures under

8   Section XI (Dispute Resolution) within the 30-day period.  All payments for stipulated penalties

9   to the United States under this paragraph will be deposited by EFT to the United States Treasury

10   in accordance with Paragraph 35.a.i.  Payments for stipulated penalties to the State of

11   Washington, the Suquamish Tribe or the Tulalip Tribes shall be paid in accordance with the

12   procedures set forth in Paragraph 35.b-35.d.  At the time of each payment, Settling Defendant

13   will send notice that payment has been made to the Trustees and the U.S. Department of Justice

14   in accordance with Section XIX (Notices).  This notice will reference Port Gardner Bay Area

15   NRD, DOJ Case Number 90-11-3-10859/1, and the civil action number.

16         64.     Penalties shall continue to accrue as provided in Paragraph 61 during any dispute

17   resolution period, but need not be paid until the following:

18             a.     If the dispute is resolved by agreement of the parties or by a decision of

19   the Plaintiffs that is not appealed to this Court, accrued penalties determined to be owed shall be

20   paid to the Plaintiffs within 15 days after the agreement or the receipt of the Plaintiffs' decision

21   or order;

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

Page 49 of 75

1          b.      If the dispute is appealed to this Court and the Plaintiffs prevail in whole

2 or in part, the Settling Defendant shall pay all accrued penalties determined by the Court to be

3 owed to the Plaintiffs within 60 days after receipt of the Court's decision or order, except as

4 provided in subparagraph (c) below;

5          c.      If the District Court's decision is appealed by any Party, Settling

6 Defendant shall pay all accrued penalties determined by the District Court to be owed to the

7 Plaintiffs into an interest-bearing escrow account, established at a duly chartered bank or trust

8 company that is insured by the FDIC, within 60 days after receipt of the Court's decision or

9 order. Penalties shall be paid into this account as they continue to accrue, at least every 60 days.

10 Within 15 days after receipt of the final appellate court decision, the escrow agent shall pay the

11 balance of the account to the Plaintiffs or to Settling Defendant to the extent that it prevails.

12      65.      If Settling Defendant fails to pay stipulated penalties when due, Settling

13 Defendant shall pay interest, at the rate specified in 28 U.S.C. § 1961 as of the Lodging Date, on

14 the unpaid stipulated penalties as follows: (a) if Settling Defendant has timely invoked dispute

15 resolution such that the obligation to pay stipulated penalties has been stayed pending the

16 outcome of dispute resolution, interest shall accrue from the date stipulated penalties are due

17 pursuant to Paragraph 61 until the date of payment; and (b) if Settling Defendant fails to timely

18 invoke dispute resolution, interest shall accrue from the date of demand under Paragraph 63 until

19 the date of payment. If Settling Defendant fails to pay stipulated penalties and interest due,

20 Plaintiffs may institute proceedings to collect the penalties and interest.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    66.    The payment of penalties and interest, if any, shall not alter in any way Settling

2    Defendant's obligations to make any other payments as required by this Decree or to perform

3    any other requirement of this Decree.

4    67.    Nothing in this Decree shall be construed as prohibiting, altering, or in any way

5    limiting the ability of the Plaintiffs to seek any other remedies or sanctions available by virtue of

6    Settling Defendant's violation of this Decree.

7    68.    Notwithstanding any other provision of this Section, the Plaintiffs may, in their

8    unreviewable discretion, waive any portion of compensation under Paragraph 11 or stipulated

9    penalties that accrued pursuant to this Decree.

10    ### XIII.   COVENANTS BY THE PLAINTIFFS

11    69.    <u>Covenant for Settling Defendant by Plaintiffs</u>. Except as provided by Section

12    XIV (Reservations of Rights by Plaintiffs), the Plaintiffs covenant not to sue or to take

13    administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42

14    U.S.C. § 9607(a); Chapter 70.105D RCW; Section 311(f) of the CWA, 33 U.S.C. § 1321(f);

15    Chapter 90.48 RCW; Section 1002(a) of OPA, 33 U.S.C. § 2702(a); or federal statutory or state

16    statutory or common law, to recover Natural Resource Damages. This covenant not to sue shall

17    take effect upon receipt of Settling Defendant's complete payment of costs pursuant to Section

18    VIII.A (Payments by Settling Defendant for Assessment Costs). This covenant not to sue shall

19    continue in effect conditioned upon the satisfactory performance by Settling Defendant of its

20    obligations under this Consent Decree. This covenant not to sue extends only to the Settling

21    Defendant and does not extend to any other person.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1        70.   <u>Covenants for Settling Federal Agency.</u>

2           a.   Except as provided by Section XIV (Reservations of Rights by Plaintiffs),

3 the Federal Trustees covenant not to take administrative action against the Settling Federal

4 Agency pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a); Section 311(f) of the

5 CWA, 33 U.S.C. § 1321(f); Section 1002(a) of OPA, 33 U.S.C. § 2702(a); or federal statutory or

6 state statutory or common law, to recover Natural Resource Damages. This covenant shall take

7 effect upon receipt of the payments required by Section VII and Paragraphs 38, 39, and 44 of

8 Section VIII.B. The Federal Trustees' covenant is conditioned upon the satisfactory

9 performance by the Settling Federal Agency of its obligations under this Decree. The Federal

10 Trustees' covenant extends only to the Settling Federal Agency and does not extend to any other

11 person.

12           b.   Except as provided by Section XIV (Reservations of Rights by Plaintiffs),

13 the State and the Tribes covenant not to sue or to take administrative action against the United

14 States, including the Settling Federal Agency, pursuant to Section 107(a) of CERCLA, 42 U.S.C.

15 § 9607(a); Chapter 70.105D RCW; Section 311(f) of the CWA, 33 U.S.C. § 1321(f); Chapter

16 90.48 RCW; Section 1002(a) of OPA, 33 U.S.C. § 2702(a); or federal statutory or state statutory

17 or common law, to recover Natural Resource Damages. This covenant shall take effect upon

18 receipt of the payments required by Section VII and Paragraphs 40-42 and 44 of Section VIII.B.

19 The State and Tribes' covenant is conditioned upon the satisfactory performance by the Settling

20 Federal Agency of its obligations under this Decree. The State and Tribes' covenant extends

21 only to the United States and does not extend to any other person.

CONSENT DECREE                      UNITED STATES DEPARTMENT OF JUSTICE
                                        Environment and Natural Resources Division
                                        P.O. Box 7611, Washington, D.C. 20044-7611
                                                202-514-5270

1      **XIV.   RESERVATIONS OF RIGHTS BY PLAINTIFFS**

2      71.   Underlined: General Reservations of Rights. The Plaintiffs reserve, and this Consent Decree

3      is without prejudice to, all rights against Settling Defendant, and the Federal Trustees, the State,

4      and the Tribes reserve, and this Consent Decree is without prejudice to, all rights against the

5      Settling Federal Agency, with respect to all matters not expressly included within the Plaintiffs'

6      covenants in Section XIII.  Notwithstanding any other provision of this Consent Decree, the

7      Plaintiffs reserve all rights against the Settling Defendant, and the Federal Trustees, the State,

8      and the Tribes reserve all rights against the Settling Federal Agency, with respect to:

9              a.     liability for failure by Settling Defendant or Settling Federal Agency to

10     meet a requirement of this Decree;

11             b.     criminal liability;

12             c.     liability for any other costs, including without limitation, costs of response

13     incurred or to be incurred by the United States, the State, or the Tribes under any federal or State

14     statute or tribal law that are not within the definition of Natural Resource Damages;

15             d.     liability for damages to Natural Resources (including assessment costs) as

16     defined in 42 U.S.C. §§ 9601(6) and (16) that are not expressly included within the Plaintiffs'

17     covenants in Section XIII;

18             e.     liability for damages to Natural Resources (including assessment costs) as

19     defined in 42 U.S.C. §§ 9601(6) and (16) within the Port Gardner Bay Area resulting from

20     Settling Defendant's or Settling Federal Agency's transportation, treatment, storage, or disposal,

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    or arrangement for transportation, treatment, storage, or disposal of hazardous substances after

2    the Lodging Date of this Decree;

3            f.      liability for injunctive relief or administrative order enforcement under

4    any federal or State statute; and

5            g.      liability under Section 107(a)(4)(D) of CERCLA, 42 U.S.C. §

6    9607(a)(4)(D), for costs of any health assessment or health effects study carried out under 42

7    U.S.C. § 9604(i) in or regarding the Port Gardner Bay Area.

8        72.    Special Reservations Regarding Natural Resource Damages. Notwithstanding

9    any other provision of this Consent Decree, the Plaintiffs reserve the right to institute

10   proceedings against Settling Defendant in this action or in a new action seeking recovery of

11   Natural Resource Damages, based on (1) conditions, factors or information with respect to the

12   Port Gardner Bay Area, not known to the Trustees at the Lodging Date, that result in releases of

13   hazardous substances that contribute to injury to, destruction of, or loss of Natural Resources, or

14   (2) information received after the Lodging Date which indicates that there is injury to,

15   destruction of, or loss of Natural Resources of a type or future persistence that was unknown, or

16   of a magnitude significantly greater than was known to the Trustees at the Lodging Date.

17       73.    Special Reservations by the Federal Trustees Regarding Natural Resource

18   Damages. Notwithstanding any other provision of this Consent Decree, the Federal Trustees

19   reserve the right to take administrative action against the Settling Federal Agency for the

20   recovery of Natural Resource Damages, based on (1) conditions, factors or information with

21   respect to the Port Gardner Bay Area, not known to the Trustees at the Lodging Date, that result

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1   in releases of hazardous substances that contribute to injury to, destruction of, or loss of Natural

2   Resources, or (2) information received after the Lodging Date which indicates that there is injury

3   to, destruction of, or loss of Natural Resources of a type or future persistence that was unknown,

4   or of a magnitude significantly greater than was known to the Trustees at the Lodging Date.

5        74.    Special Reservations by the State and Tribes Regarding Natural Resource

6   Damages.  Notwithstanding any other provision of this Consent Decree, the State and the Tribes

7   reserve the right to institute proceedings against the Settling Federal Agency in this action or a

8   new action for the recovery of Natural Resource Damages, based on (1) conditions, factors or

9   information with respect to the Port Gardner Bay Area, not known to the Trustees at the Lodging

10   Date, that result in releases of hazardous substances that contribute to injury to, destruction of, or

11   loss of Natural Resources, or (2) information received after the Lodging Date which indicates

12   that there is injury to, destruction of, or loss of Natural Resources of a type or future persistence

13   that was unknown, or of a magnitude significantly greater than was known to the Trustees at the

14   Lodging Date.

15   **XV.   COVENANTS BY SETTLING DEFENDANT AND SETTLING FEDERAL**
16   **AGENCY**

17        75.    Covenants by Settling Defendant.  Settling Defendant covenants not to sue and

18   agrees not to assert any claims or causes of action against the United States (including the

19   Settling Federal Agency), the State, the Suquamish Tribe, or the Tulalip Tribes, or their

20   contractors or employees, with respect to Natural Resource Damages or this Consent Decree,

21   including, but not limited to:

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1              a.       any claims arising out of activities related to the Restoration Project,

2    including, without limitation, claims based on the Trustees' approval of the Restoration Project,

3    oversight and monitoring of the Restoration Project, and/or approval of plans for such activities;

4              b.       any direct or indirect claim for reimbursement of any payment for Natural

5    Resource Damages from the Hazardous Substance Superfund based on CERCLA Sections 107,

6    111, 112, 113 (42 U.S.C. §§ 9607, 9611, 9612, 9613), or any other provision of law;

7              c.       any claim against the Plaintiffs pursuant to Sections 107 and 113 of

8    CERCLA, 42 U.S.C. §§ 9607 and 9613, or Section 311 of the CWA, 33 U.S.C. § 1321, relating

9    to Natural Resource Damages; or

10             d.       any federal statutory or state statutory or common law claim relating to

11   Natural Resource Damages.

12   These covenants not to sue shall not apply in the event that the Plaintiffs take administrative

13   action, issue administrative findings and orders, or bring a cause of action against Settling

14   Defendant for Natural Resource Damages pursuant to the reservations set forth in Paragraphs 71

15   and 72, above, but only to the same extent and for the same matters, transactions, or occurrences

16   as are raised in the claims asserted by the Plaintiffs pursuant to such reservations.

17       76.   Covenant by the Settling Federal Agency.

18             a.       The Settling Federal Agency hereby agrees not to assert against Federal

19   Trustees any direct or indirect claim for reimbursement of any payment for Natural Resource

20   Damages based on Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 311 of

21   the CWA, 33 U.S.C. § 1321, or federal statutory or state statutory or common law, including

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    payments made under Sections VII and VIII.B  These covenants shall not apply in the event that

2    Federal Trustees take administrative action against the Settling Federal Agency pursuant to the

3    reservations set forth in Section XIV, above, but only to the same extent and for the same

4    matters, transactions, or occurrences as are raised in the claims asserted by the Federal Trustees

5    pursuant to such reservations.

6              b.      The Settling Federal Agency hereby covenants not to sue the State or the

7    Tribes under Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 311(f)(4) and

8    (5) of the CWA, 33 U.S.C. § 1321(f)(4) and (5), or federal statutory or state statutory or common

9    law, with respect to Natural Resource Damages, including payments made under Sections VII

10   and VIII.B.  These covenants shall not apply in the event the State and/or the Tribes bring a

11   claim and/or administrative action against the Settling Federal Agency pursuant to the

12   reservations set forth in Section XIV, above, but only to the same extent and for the same

13   matters, transactions, or occurrences as are raised in the claims asserted by the State and/or the

14   Tribes pursuant to such reservations.

15         **XVI.   EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

16         77.    Nothing in this Consent Decree shall be construed to create any rights in, or grant

17   any cause of action to, any person not a Party to this Decree.  Except as provided in Section XV,

18   each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to

19   Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action

20   that each Party may have with respect to any matter, transaction, or occurrence relating in any

21   way to the Port Gardner Bay Area against any person not a Party hereto.  Nothing in this Decree

CONSENT DECREE                                    UNITED STATES DEPARTMENT OF JUSTICE
                                                  Environment and Natural Resources Division
                                                  P.O. Box 7611, Washington, D.C. 20044-7611
                                                  202-514-5270

1     diminishes the right of the Plaintiffs, pursuant to Section 113(f)(2) and (3) of CERCLA, 42

2     U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional relief (including

3     response action, response costs, and natural resource damages, including costs of damage

4     assessment) and to enter into settlements that give rise to contribution protection pursuant to

5     Section 113(f)(2) of CERCLA.

6         78.     The Parties agree, and by entering this Decree this Court finds, that this Decree

7     constitutes a judicially-approved settlement pursuant to which Settling Defendant and the United

8     States on behalf of the Settling Federal Agency have, as of the Effective Date, resolved liability

9     to the Plaintiffs within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2),

10    and are entitled, as of the Effective Date, to protection from contribution actions or claims as

11    provided by Section 113(f)(2) of CERCLA and RCW 70.105D.040(4)(d), or as may be otherwise

12    provided by law, for matters addressed in this Consent Decree. For these purposes, the "matters

13    addressed" in this Consent Decree are Natural Resource Damages, as defined herein; provided,

14    however, that if the Plaintiffs exercise rights against Settling Defendant or if the Federal

15    Trustees, the State, and/or the Tribes assert rights against the Settling Federal Agency under the

16    reservations in Section XIV, other than Paragraphs 71.a (claims for failure to meet a requirement

17    of this Decree) and 71.b (criminal liability), the contribution protection afforded by this Decree

18    will no longer include those matters that are within the scope of the exercised reservation.

19        79.     The Parties further agree, and by entering this Decree this Court finds, that the

20    complaint filed by the Plaintiffs in this action is a civil action within the meaning of Section

21    113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Decree constitutes a judicially-

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    approved settlement pursuant to which the Settling Defendant and the Settling Federal Agency

2    have, as of the Effective Date, resolved liability to the Plaintiffs for Natural Resource Damages

3    within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

4        80.    Settling Defendant shall, with respect to any suit or claim brought by it for

5    contribution for Natural Resource Damages, notify the Plaintiffs in writing no later than 60 days

6    prior to the initiation of such suit or claim.  Settling Defendant shall also notify in writing the

7    Plaintiffs within 10 days of any settlement of its claims (regardless of whether the claim is filed

8    or unfiled) for contribution for Natural Resource Damages.

9        81.    Settling Defendant shall, with respect to any suit or claim brought against it for

10    matters related to this Decree, notify in writing the Plaintiffs within 10 days after service of the

11    complaint on Settling Defendant.  In addition, Settling Defendant shall notify the Plaintiffs

12    within 10 days after service or receipt of any Motion for Summary Judgment and within 10 days

13    after receipt of any order from a court setting a case for trial.

14        82.    Waiver of Claim-Splitting Defenses.

15            a.    In any subsequent administrative or judicial proceeding initiated by the

16    Plaintiffs for injunctive relief, recovery of response costs or Natural Resource Damages, or other

17    appropriate relief relating to the Port Gardner Bay Area, Settling Defendant shall not assert, and

18    may not maintain, any defense or claim based upon the principles of waiver, res judicata,

19    collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention

20    that the claims raised by the Plaintiffs in the subsequent proceedings were or should have been

CONSENT DECREE                                   UNITED STATES DEPARTMENT OF JUSTICE
                                                 Environment and Natural Resources Division
                                                 P.O. Box 7611, Washington, D.C. 20044-7611
                                                 202-514-5270

1    brought in the instant case; provided, however, that nothing in this paragraph affects the

2    enforceability of the covenants not to sue set forth in Section XIII (Covenants by the Plaintiffs).

3              b.    In any subsequent administrative or judicial proceeding initiated by the

4    State and/or the Tribes for injunctive relief, or Natural Resource Damages or other relief related

5    to the Port Gardner Bay Area, the Settling Federal Agency shall not assert, and may not

6    maintain, any defense or claim based upon the principles of waiver, res judicata, collateral

7    estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the

8    claims raised by the State and/or the Tribes in the subsequent proceedings were or should have

9    been brought in the instant case; provided, however, that nothing in this paragraph affects the

10   enforceability of the covenants not to sue set forth in Section XIII (Covenants by the Plaintiffs).

11              **XVII.  ACCESS TO PROJECT SITE AND INFORMATION**

12   83.    The Plaintiffs and their representatives, including attorneys, contractors, and

13   consultants, shall have the right of entry to the Project Site and any property under the control of

14   the Port to which entry is required for oversight or implementation of this Decree, at all

15   reasonable times, to:

16              a.    monitor the progress of activities required under this Decree;

17              b.    assess compliance with this Decree;

18              c.    verify any data or information submitted to the Plaintiffs in accordance

19   with the terms of this Decree;

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1          d.     inspect and copy records, operation logs, contracts, or other documents

2 maintained or generated by Settling Defendant or its contractor to perform work undertaken

3 pursuant to this Decree;

4          e.     obtain samples (including conducting fish sampling as needed to include

5 data in salmon recovery efforts) and, upon request, splits of any samples taken by Settling

6 Defendant or its representatives, contractors, or consultants, including Wildlands;

7          f.     obtain documentary evidence, including photographs, video recordings,

8 sound recordings, and similar data.  Plaintiffs may direct that Settling Defendant use a camera,

9 sound recording device, or other type of equipment to record the work done on the Restoration

10 Project or to record injury to Natural Resources and provide copies of any such recordings to the

11 Trustees;

12          g.     conduct such tests and investigations as deemed necessary to monitor

13 compliance with this Consent Decree; and

14          h.     undertake any maintenance action or additional work as the Trustees

15 determine appropriate.  Such maintenance actions or additional work shall only be taken with the

16 approval of Settling Defendant, which approval may be withheld only upon a showing that the

17 proposed action would be inconsistent with the purposes of the Restoration Project as described

18 in Appendix C, with other provisions of the Decree or other applicable law, or would impose

19 costs or additional liability upon Settling Defendant.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1        **XVIII. RETENTION OF RECORDS**

2        84.    Until ten years after Settling Defendant's receipt of the Trustees' notification

3    pursuant to Paragraph 13 (Approval of Completion of Initial Maintenance and Monitoring

4    Obligations), Settling Defendant shall preserve and retain all non-identical copies of all records,

5    reports, documents, and other information, including records, reports, documents, and other

6    information in electronic form (hereinafter referred to as "Records") now in its possession or

7    control. Settling Defendant must also retain, and instruct its contractors and agents to preserve,

8    for the same period of time specified above all non-identical copies of the last draft or final

9    version of any Records now in their possession or control or that come into their possession or

10   control that relate in any manner to the performance of the Restoration Project, provided,

11   however, that Settling Defendant (and its contractors and agents) must retain, in addition, copies

12   of all data generated during the performance of the Restoration Project and not contained in the

13   aforementioned Records required to be retained. Each of the above record retention

14   requirements shall apply regardless of any corporate retention policy to the contrary.

15       85.    The United States acknowledges that the Settling Federal Agency is subject to all

16   applicable federal record retention laws, regulations, and policies.

17       86.    At the conclusion of this record retention period, Settling Defendant shall notify

18   the Plaintiffs at least 90 days prior to the destruction of any such Records, and, upon request by

19   the Plaintiffs, Settling Defendant shall deliver any such records to the Trustees. Settling

20   Defendant may assert that all or part of a Record requested by the Trustees is privileged or

21   protected under federal law. If Settling Defendant asserts a claim of privilege or protection, it

CONSENT DECREE                                              UNITED STATES DEPARTMENT OF JUSTICE
                                                           Environment and Natural Resources Division
                                                           P.O. Box 7611, Washington, D.C. 20044-7611
                                                           202-514-5270

1    shall provide the following information regarding such Record: its title; its date; the name, title,

2    affiliation (e.g., company or firm), and address of the author, of each addressee, and of each

3    recipient; a description of the Record's contents; and the privilege or protection asserted. If a

4    claim of privilege or protection applies only to a portion of a Record, Settling Defendant shall

5    provide the Record to the Trustees in redacted form to mask the privileged or protected portion

6    only. Settling Defendant shall retain all Records that it claims to be privileged or protected until

7    the Trustees have had a reasonable opportunity to dispute the privilege or protection claim and

8    any such dispute has been resolved in the Settling Defendant's favor. Settling Defendant may

9    make no claim of privilege or protection regarding: (1) any data regarding the Port Gardner Bay

10   Area, including, but not limited to, all sampling, analytical, monitoring, scientific, chemical, or

11   engineering data, or the portion of any other Record that relates to the Restoration Project or

12   conditions at or around Port Gardner Bay Area; or (2) any Record or portion of any Record that

13   Settling Defendant is required to create or generate pursuant to this Consent Decree.

14       87.       Settling Defendant certifies that, to the best of its knowledge and belief, after

15   thorough inquiry, it has not altered, mutilated, discarded, destroyed, or otherwise disposed of any

16   Records (other than identical copies) relating to its potential liability regarding the Port Gardner

17   Bay Area since notification of potential liability by any Trustee.

18                       **XIX.  NOTICES AND SUBMISSIONS**

19       88.       All approvals, consents, deliverables, modifications, notices, notifications,

20   proposals, reports, and requests specified in this Consent Decree must be in writing unless

21   otherwise specified. Whenever, under this Decree, notice is required to be given, or a report or

CONSENT DECREE                                    UNITED STATES DEPARTMENT OF JUSTICE
                                                  Environment and Natural Resources Division
                                                  P.O. Box 7611, Washington, D.C. 20044-7611
                                                  202-514-5270

1   other document is required to be sent, by one Party to another, it must be directed to the

2   person(s) specified below at the address(es) specified below.  Any Party may change the person

3   and/or address applicable to it by providing notice of such change to all Parties.  All notices

4   under this Section are effective upon receipt, unless otherwise specified.  Except as otherwise

5   provided, written notice to a Party by regular mail in accordance with this Section satisfies any

6   notice requirement of the Decree regarding such Party.

7   **As to the United States and as to the U.S. Department of Justice:**
8
9   EES Case Management Unit
10  U.S. Department of Justice
11  Environment and Natural Resources Division
12  P.O. Box 7611
13  Washington, D.C. 20044-7611
14  eescdcopy.enrd@usdoj.gov
15  Re: DJ # 90-11-3-10859/1
16
17  Kent E. Hanson
18  U.S. Department of Justice
19  Environment and Natural Resources Division
20  Environmental Defense Section
21  P.O. Box 7611
22  Washington, D.C. 20044-7611
23  kent.hanson@usdoj.gov
24  Re: DJ # 90-11-8-20035
25
26  **As to the United States Department of Interior:**
27
28  Alexandra James
29  Office of the Regional Solicitor
30  U.S. Department of the Interior
31  805 SW Broadway, Suite 600
32  Portland, OR 97205
33  alexandra.james@sol.doi.gov
34
35  Jeff Krausmann

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    Fish and Wildlife Biologist/NRDA Specialist
2    U.S. Fish and Wildlife Service
3    Washington Fish and Wildlife Office
4    510 Desmond Drive, SE, Suite 102
5    Lacey, Washington  98503-1263
6    jeff_krausmann@fws.gov
7
8    **As to the National Oceanic and Atmospheric Administration:**
9
10   Christopher J. Plaisted
11   National Oceanic and Atmospheric Administration
12   Office of General Counsel, Natural Resources Section
13   U.S. Department of Commerce
14   501 W. Ocean Blvd, Suite 4470
15   Long Beach, CA 90802
16   christopher.plaisted@noaa.gov
17
18   Jason Lehto
19   National Oceanic and Atmospheric Administration
20   NMFS Restoration Center
21   U.S. Department of Commerce
22   7600 Sand Point Way NE
23   Seattle, WA 98115
24   jason.a.lehto@noaa.gov
25
26   **As to the State of Washington:**
27
28   Donna Podger
29   Toxics Cleanup Program
30   State of Washington
31   P.O. Box 47600
32   Olympia, WA 98504-7600
33   dpod461@ecy.wa.gov
34
35   John A. Level
36   Attorney General's Office
37   P.O. Box 40117
38   Olympia, WA 98504-0117
39   johnl3@atg.wa.gov
40
41   **As to the Suquamish Tribe:**

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

```
 1
 2      Richard Brooks
 3      Environmental Program Manager
 4      P.O. Box 498
 5      18690 Suquamish Way
 6      Suquamish, WA 98392
 7      rbrooks@suquamish.nsn.us
 8
 9      Melody Allen
10      Office of Tribal Attorney
11      P.O. Box 498
12      18690 Suquamish Way
13      Suquamish, WA 98392
14      mallen@suquamish.nsn.us
15
16      As to the Tulalip Tribes:
17
18      Kurt Nelson
19      Environmental Manager
20      Tulalip Tribes
21      6406 Marine Drive
22      Tulalip, WA 98271
23      knelson@tulaliptribes-nsn.gov
24
25      Timothy Brewer
26      Tulalip Tribes Office of the Reservation Attorney
27      6406 Marine Drive
28      Tulalip, WA 98271
29      tbrewer@tulaliptribes-nsn.gov
30
31      As to the Port of Everett:
32
33      Erik Gerking
34      Director of Environmental Programs
35      Port of Everett
36      1205 Craftsman Way, Suite 200
37      Everett, WA 98201
38      erikg@portofeverett.com
39
40      Paul Brachvogel
41      Chief of Legal Affairs
```

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1   Port of Everett
2   1205 Craftsman Way, Suite 200
3   Everett, WA  98201
4   paulb@portofeverett.com
5

6                          XX.   **RETENTION OF JURISDICTION**

7          89.     This Court retains jurisdiction over both the subject matter of this Consent Decree

8   and Settling Defendant for the duration of the performance of the terms and provisions of this

9   Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time

10  for such further order, direction, and relief as may be necessary or appropriate for the

11  construction or modification of this Decree, or to effectuate or enforce compliance with its terms,

12  or to resolve disputes in accordance with Section XI (Dispute Resolution).

13                         XXI.   **APPENDICES**

14         90.     The following appendices are attached to and incorporated into this Consent

15  Decree:

16         "Appendix A" is the map depicting the Port Gardner Bay Area.

17         "Appendix B" is the list of properties within the Port Gardner Bay Area currently and

18         formerly owned and/or operated by Settling Defendant or owned and/or operated by the

19         Settling Federal Agency that are included within the definition of Natural Resource

20         Damages for purposes of this Decree.

21         "Appendix C" is the Statement of the Work for the Blue Heron Slough Restoration

22         Project.

23         "Appendix D" is the Conservation Easement for the Project Site.

CONSENT DECREE                          UNITED STATES DEPARTMENT OF JUSTICE
                                        Environment and Natural Resources Division
                                        P.O. Box 7611, Washington, D.C. 20044-7611
                                        202-514-5270

1       "Appendix E" is the Project Escrow Agreement.

2       "Appendix F" is the Performance Bond for Construction of the Project.

3       "Appendix G" is the Maintenance and Monitoring Escrow Agreement.

4       **XXII. MODIFICATION**

5       91.     Material modifications to this Consent Decree, including the Appendices, shall be

6 in writing, signed by the Parties, and shall be effective upon approval by the Court.  Non-

7 material modifications to this Decree, including the Appendices, shall be in writing and shall be

8 effective when signed by duly authorized representatives of the Parties.  Nothing in this Consent

9 Decree shall be deemed to alter the Court's power to enforce, supervise, or approve

10 modifications to this Decree.

11       92.     If Settling Defendant experiences significant adverse changes to its financial

12 circumstances or unanticipated delays in obtaining expected funding for the Restoration Project,

13 Settling Defendant may request, and the Trustees may consider and agree to, a modification of

14 the schedules and deadlines set forth in this Decree, including those set forth in Appendix C, as

15 necessary.

16       **XXIII. ENFORCEMENT**

17       93.     The requirements of this Consent Decree, including but not limited to

18 deadlines, schedules and Project designs, are independently enforceable.  Any delay or failure of

19 the Trustees to enforce any requirement will not preclude or prejudice the subsequent

20 enforcement of the same or another requirement.

CONSENT DECREE                          UNITED STATES DEPARTMENT OF JUSTICE
                                         Environment and Natural Resources Division
                                         P.O. Box 7611, Washington, D.C. 20044-7611
                                              202-514-5270

1    **XXIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

2    94.    This Consent Decree shall be lodged with the Court for at least 30 days for public

3    notice and comment. The Plaintiffs reserve the right to withdraw or withhold their consent if

4    comments regarding the Decree disclose facts or considerations that indicate that the Decree is

5    inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Decree

6    without further notice.

7    95.    If for any reason the Court should decline to approve this Decree in the form

8    presented, this agreement is voidable at the sole discretion of any Party and the terms of the

9    agreement may not be used as evidence in any litigation between the Parties.

10    **XXV.  SIGNATORIES/SERVICE**

11    96.    The Assistant Attorney General for the Environment and Natural Resources

12    Division of the Department of Justice and each undersigned representative of the State of

13    Washington, the Suquamish Tribe, the Tulalip Tribes, and Settling Defendant certifies that he or

14    she is fully authorized to enter into the terms and conditions of this Decree and to execute and

15    legally bind such Party that he or she represents to this document.

16    97.    Settling Defendant agrees not to oppose entry of this Consent Decree by this

17    Court or to challenge any provisions of this Decree unless any Plaintiff has notified Settling

18    Defendant in writing that it no longer supports entry of the Decree.

19    98.    Settling Defendant shall identify on the attached signature page the name,

20    address, and telephone number of an agent who is authorized to accept service of process by mail

21    on behalf of that Party with respect to all matters arising under or relating to this Decree.

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    Settling Defendant agrees to accept service in that manner and to waive the formal service

2    requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local

3    rules of this Court, including, but not limited to, service of summons.  Settling Defendant needs

4    not file answers to the complaint unless or until the Court expressly declines to enter this Decree.

5                                    **XXVI. FINAL JUDGMENT**

6         99.    This Consent Decree and its appendices constitute the final, complete, and

7    exclusive agreement and understanding among the Parties regarding the settlement embodied in

8    this Decree.  The Parties acknowledge that there are no representations, agreements, or

9    understandings relating to the settlement other than those expressly contained in this Decree.

10        100.    Upon entry of this Consent Decree by the Court, this Decree shall constitute a

11    final judgment between and among the Parties.  The Court finds that there is no just reason for

12    delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

13

14    SO ORDERED THIS 24th DAY OF _____July_____, 2019.

15
16
17
18
19                        _____
                          United States District Judge
20


CONSENT DECREE                                    UNITED STATES DEPARTMENT OF JUSTICE
                                                  Environment and Natural Resources Division
                                                  P.O. Box 7611, Washington, D.C. 20044-7611
                                                  202-514-5270

1  Signature Page for Consent Decree Regarding the Port Gardner Bay Area.
2
3
4  **FOR THE UNITED STATES OF AMERICA:**
5
6
7
8
9
10  Date 5/17/19
11                    Jeffrey Bossert Clark
12                    United States Department of Justice
13                    Assistant Attorney General
14                    Environment and Natural Resources Division
15                    Washington, D.C. 20530
16
17
18
19
20  Date 6/3/19
21                    Danica Anderson Glaser
22                    Trial Attorney
23                    United States Department of Justice
24                    Environment and Natural Resources Division
25                    Environmental Enforcement Section
26                    P.O. Box 7611, Ben Franklin Station
27                    Washington, D.C. 20044-7611
28
29  Date _____
30                    Kent E. Hanson
31                    Senior Attorney
32                    United States Department of Justice
33                    Environment and Natural Resources Division
34                    Environmental Defense Section
35                    P.O. Box 7611
36                    Washington, D.C. 20044-7611
37
38
39

CONSENT DECREE                           UNITED STATES DEPARTMENT OF JUSTICE
                                         Environment and Natural Resources Division
                                         P.O. Box 7611, Washington, D.C. 20044-7611
                                                                    202-514-5270

1    Signature Page for Consent Decree Regarding the Port Gardner Bay Area.

2

3

4    **FOR THE UNITED STATES OF AMERICA:**

5

6

7

8

9

10   Date _____

11                    Jeffrey Bossert Clark

12                    United States Department of Justice

13                    Assistant Attorney General

14                    Environment and Natural Resources Division

15                    Washington, D.C. 20530

16

17

18

19

20   Date _____

21                    Danica Anderson Glaser

22                    Trial Attorney

23                    United States Department of Justice

24                    Environment and Natural Resources Division

25                    Environmental Enforcement Section

26                    P.O. Box 7611, Ben Franklin Station

27                    Washington, D.C. 20044-7611

28

29   Date 5/20/2019

30                    Kent E. Hanson

31                    Senior Attorney

32                    United States Department of Justice

33                    Environment and Natural Resources Division

34                    Environmental Defense Section

35                    P.O. Box 7611

36                    Washington, D.C. 20044-7611

37

38

39

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1  Signature Page for Consent Decree Regarding the Port Gardner Bay Area.
2
3
4  **FOR THE STATE OF WASHINGTON:**
5
6
7
8
9
10  Date 5/22/19
11  Maia Bellon
12  Director
13  Washington State Department of Ecology
14
15
16
17  Date 5/22/19
18  John A. Level
19  Assistant Attorney General
20  State of Washington
21
22

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1    Signature Page for Consent Decree Regarding the Port Gardner Bay Area.

2

3

4    **FOR THE SUQUAMISH TRIBE:**

5

6

7

8

9

10    Date 5/14/19

11

12

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

**Page 73 of 75**

1   Signature Page for Consent Decree Regarding the Port Gardner Bay Area.
2
3
4   **FOR THE TULALIP TRIBES:**
5
6
7
8   Date 6/1/19
9       Teri Gobin,
10      Chairwoman
11      The Tulalip Tribes
12      6406 Marine Drive
13      Tulalip, WA  98271
14
15
16
17  Date 6.1.19
18      Tim Brewer,
19      Reservation Attorney
20      Tulalip Tribes Office of the Reservation Attorney
21      6406 Marine Drive
22      Tulalip, WA  98271
23
24
25
26
27  Date 6/1/19
28      Saza Osawa,
29      Reservation Attorney
30      Tulalip Tribes Office of the Reservation Attorney
31      6406 Marine Drive
32      Tulalip, WA  98271
33
34
35
36
37
38
39
40
41

CONSENT DECREE

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
202-514-5270

1   Signature Page for Consent Decree Regarding the Port Gardner Bay Area.
2
3
4
5   **FOR THE PORT OF EVERETT:**
6
7
8
9
10
11  Date _MAY 14, 2019_          _Lee Beardsmore_
12
13
14
15
16
17
18
19
20  Agent Authorized to Accept Service   Name: _____
21  On Behalf of Above-Signed Party:     Title: _____
22                                       Company: _____
23                                       Address: _____
24                                       _____
25                                       Phone: _____
26                                       Email: _____
27

CONSENT DECREE                          UNITED STATES DEPARTMENT OF JUSTICE
                                        Environment and Natural Resources Division
                                        P.O. Box 7611, Washington, D.C. 20044-7611
                                        202-514-5270

**Page 75 of 75**